YETTA BROOKS, Plaintiff, *v.* McNUTT AUTO DELIVERY CO., INC., Defendant.

Municipal Court, of New York, Borough of Manhattan, Second District, March 17, 1926.

**Motor vehicles — Highway Law, § 282-e, is constitutional exercise of police power — action to recover damages for personal injuries suffered by plaintiff when struck by defendant's automobile — automobile was being driven by lessee — evidence shows defendant impliedly permitted use of automobile by lessee after date specified in contract for return thereof — defendant is liable.**

Section 282-e of the Highway Law, which makes every owner of a motor vehicle liable for the death or injury to persons or property arising from the negligent operation of such vehicle " in the business of such owner or otherwise by any person legally using or operating the same with the permission, express or implied, of such owner," is a constitutional exercise of the police power of the State.

A corporation, the owner of an automobile, which it leased to a third party under an agreement for hire at three and one-half dollars per day, plus fifteen cents per mile traveled, is liable to the plaintiff in an action for damages for personal injuries suffered when struck by the automobile at a time when it was being driven by said third party, where the evidence is clear that the driver of said automobile was both reckless and negligent and that he was using it under the implied permission of the defendant.

Notwithstanding the fact that defendant's testimony showed that the automobile was to be returned to it on April 29, 1925, the circumstances connected with the turning over of the automobile to the lessee warrants a finding that there was an implied permission to use it on May 1, 1925, the day of the accident, particularly where there was nothing to show that the lessee either stole the automobile or took it against the wishes of the defendant.

ACTION to recover for personal injuries suffered by the plaintiff when struck by an automobile owned by the defendant and driven by a lessee at the time of the accident.

*Louis R. Glantz,* for the plaintiff.

*Carl Schurz Petrasch,* for the defendant.

PANKEN, J.   The plaintiff in this case was injured on the 1st of May, 1925, on the Bowery, at Bowery and Stanton street, by an automobile bearing number 8 N 4611.   It was conceded on the trial that the defendant corporation owned the automobile bearing the number above referred to on the day when the injuries were received by the plaintiff.   There is abundant testimony in the case showing that the plaintiff was free from any act contributing to the occurrence resulting in injuries to her, and that the person operating the car owned by the defendant was negligent, and that his negligence was the sole cause of the accident.   The testimony shows that the defendant's car was driven in a northerly direction on the Bowery, and that the accident occurred on the westerly side of the Bowery, so that the car was driven on the left side of that thoroughfare.   There was no proof controverting or contradicting the testimony of the plaintiff on the question of negligence.   From all of the facts submitted to me in the trial of the case I am constrained to conclude that the person driving this car was negligent in its operation, and that that was the cause of the accident and the injuries resulting to the plaintiff.

There is the further question as to whether or not the defendant in this case is liable to the plaintiff.   It appears from the evidence that on the 28th of April, 1925, the defendant let this Essex car to a person by the name of William Turner at three dollars and fifty cents a day and fifteen cents per mile traveled.   The defendant turned this car over to the said William Turner on that day, and it was not returned to the defendant until the 4th day of May,

1925. The car was returned to the defendant by the police department of the city of New York. There is testimony in the case that the car was to be returned by Turner to the defendant on the day following the letting.

In the absence of any statutory provision, the defendant having divested itself of the control of the car and turned over control of the car to someone else, the person in control of the car would be solely liable for any damages caused by negligence. In the case before me there can be no question that the driver of the car was not acting as the agent of the defendant. The principle of *respondeat superior* could not be invoked.

The State Legislature, however, added section 282-e to the Highway Law by chapter 534 of the Laws of 1924, which section was amended by chapter 167 of the Laws of 1925, and as amended became effective on March 16, 1925. The section provides in part: " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The question arises here as to whether or not the provision of the statute making the owner of a vehicle liable when the same is used or operated either with his express or implied permission, is constitutional. I gather from the decisions of our Court of Appeals that the Legislature acted upon the suggestion made by the Court of Appeals in enacting section 282-e of the Highway Law. In the case of *Van Blaricom* v. *Dodgson* (220 N. Y. 111) the court said: " If, contrary to ordinary rules, the owner of a car ought to be responsible for the carelessness of every one whom he permits to use it in the latter's own business, that liability ought to be sought by legislation as a condition of issuing a license rather than by some new or anomalous slant applied by the courts to the principles of agency."

It is clear that the court had in mind a case of the character of that before me.

Moreover, the Legislature in the exercise of the police power of the State has the right to regulate the use of vehicles by licensees. Under our law the owner of a vehicle must register the same, receive a certificate of registration, and display the registration number on the body of the vehicle in the prescribed manner.

The State Legislature in the exercise of the police power of the State has provided for the bonding of taxicabs, in protection of the public in general. It would follow, therefore, that the Legislature

did not overstep its power in enacting section 282-e of the Highway Law as above quoted.

The defendant in this case permitted the use of its car by Turner in his own business.

Mr. Justice SPIEGELBERG in the case of *Feitelberg* v. *Matuson*, tried before him and reported in 124 Miscellaneous (p. 595), says (on p. 597): "The Legislature realized that, although a motor vehicle is not in itself a dangerous instrumentality, the potential danger thereof is very great when operated by incompetent, negligent or reckless drivers."

In the case at bar there is evidence that the driver was both reckless and negligent. His driving this car on the left side of the thoroughfare in violation of the rules and regulations for traffic in the city of New York indicates clearly that he was a reckless man. The evidence submitted on behalf of the defendant that the car was abandoned by the driver Turner, found by the police and turned over to the defendant is additional evidence of the fact that Turner, to whom this car was intrusted by the defendant, and who was permitted to use it in his own business, was a man devoid of any sense of responsibility.

The testimony of the defendant's president that Turner was to return the car on the twenty-ninth day of April, or the day following the letting, raises the question as to whether there was any permission for the use of the car by Turner from the defendant on the 1st of May, 1925. While there is testimony that the defendant gave no express permission to Turner to use this car on the 1st of May, 1925, on the day when the injuries were received by the plaintiff herein, the fact that the car was turned over to Turner on the twenty-eighth of April without receiving any pay for its use or any security for its return, and also the fact that Turner was unknown to the defendant at the time the car was turned over to him, raises the question in my mind as to whether or not that testimony has any probative value. Whether there was express permission or not for Turner to use this car on the 1st of May, 1925, I must conclude from all the circumstances connected with the turning over of this car to Turner, that there was an implied permission to use it. Turner did not steal the car, nor did he take it against the wishes of the defendant herein.

It follows, therefore, that plaintiff is entitled to judgment.