MARIE HELENE FLUEGEL, as Administratrix of the Estate of ERNEST J. FLUEGEL, Deceased, Appellant, *v.* FREDERIC R. COUDERT, Respondent, Impleaded with Another.

Negligence — motor vehicles — master and servant — death from negligent operation of automobile by driver upon his own errand without consent and against commands of owner — section 282-e of Highway Law not applicable.

1. Where, in an action to recover for death alleged to have been occasioned through the negligent operation of an automobile, uncontradicted evidence necessitates the conclusion that the driver of the car was using it at the time of the accident for his own purposes exclusively, without the permission and against the commands of the defendant, his employer, the plaintiff gains nothing from section 282-e of the Highway Law (Cons. Laws, ch. 25) providing that owners of motor vehicles, operated upon public highways, shall be liable for death or injuries to person or property resulting from their negligent operation by any person legally using the same with the permission, express or implied, of the owner.

*Fluegel* v. *Coudert,* 218 App. Div. 755, affirmed.

(Argued January 19, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1926, affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term granting motions to set aside the verdict and for a dismissal of the complaint, in an action to recover for the death of plaintiff's intestate alleged to have been occasioned by the negligence of defendant.

*Sidney S. Bobbe* and *Clarence W. Roberts* for appellant. Since the enactment of section 282-e of the Highway Law, there is a presumption arising from the ownership of an automobile that it is being used with the consent,

express or implied, of the owner; and since there was a complete failure to show through Ryan that the respondent had not given him express consent to his use of the car, the presumption remained unrebutted. (*Norris* v. *Kohler,* 41 N. Y. 42; *Gulliver* v. *Blauvelt,* 14 App. Div. 523; *Ferris* v. *Sterling,* 214 N. Y. 249; *Van Blaricom* v. *Dodgson,* 220 N. Y. 111; *Orlando* v. *Pioneer B. Towel Co.,* 239 N. Y. 342.)

*Alfred M. Bailey* and *Frank J. O' Neill* for respondent. The presumption arising from ownership of the automobile driven by Ryan is not that its owner gave him permission to use it. (*Ferris* v. *Sterling,* 214 N. Y. 249.)

*Per Curiam.* We think the uncontradicted evidence necessitates the conclusion that the driver of the motor car was using it at the time of the accident for his own purposes exclusively, without the permission and against the commands of the defendant, his employer (*Der Ohannessian* v. *Elliott,* 233 N. Y. 326).

This being so, the plaintiff gains nothing from section 282-e of the Highway Law (Consol. Laws, ch. 25), which provides that " every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The effect of this statute is to render obsolete the doctrine of such cases as *Van Blaricom* v. *Dodgson* (220 N. Y. 111) and *Potts* v. *Pardee* (220 N. Y. 431, 436). Liability is no longer dependent upon use or operation by a servant in the " business " of a master. Liability is dependent upon legal use or operation in business " or otherwise," with permission or consent. The owner who loans a car to a friend or an employee will be liable hereafter for the negligence of the operator though the loan is unrelated to employment, a mere friendly accom-

modation. The father will be liable for the negligence of the son to whom he has intrusted the use of the family automobile (*Van Blaricom* v. *Dodgson, supra*). We make no attempt at exhaustive enumeration. What has been said will suffice for illustration and example.

The driver employed by this defendant was not using or operating this car with the owner's permission, express or implied. He was not using or operating it legally. Use or operation without the consent of the owner may now constitute a crime (Penal Law, § 1293-a).

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment affirmed.