FANNY COHEN, Appellant, *v.* PESACH NEUSTADTER, Respondent.

SAMUEL COHEN, Appellant, *v.* PESACH NEUSTADTER, Respondent.

First Department, June 24, 1927.

Motor vehicles — action for personal injuries suffered by guest — automobile was being driven by daughter of owner who invited guest to ride — owner consented to use of automobile but did not direct it — owner not liable under Highway Law, § 282-e.

This is an action to recover for personal injuries suffered by a guest while she was riding in an automobile owned by the defendant. The defendant cannot be held liable under section 282-e of the Highway Law, since it appears that

the person injured was the guest of the owner's daughter, who was driving the automobile at the time with her father's consent but not by his direction, express or implied.

FINCH and O'MALLEY, JJ., dissent, with opinion.

APPEAL in each of the above-entitled actions by the plaintiff from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of December, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of December, 1926, as resettled by an order entered on the 10th day of December, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*William A. Schacht* of counsel, for the appellants.

*James A. Nooney* of counsel [*Joseph Force Crater* with him on the brief], for the respondent.

PROSKAUER, J. The plaintiff Fanny Cohen, injured in an accident while she was in an automobile belonging to the defendant and driven by the defendant's daughter, claims that the defendant is liable for the negligence of the daughter in the operation of the car. The jury found a verdict for the defendant. Reversal is sought because of the alleged error in the charge with respect to the defendant's responsibility for his daughter's negligence. The plaintiff testified that the defendant directed his daughter to drive her to her hotel. The defendant's version was that he gave no such direction, express or implied; that while he assumed his daughter might volunteer to drive the plaintiff, the daughter's offer so to do was made out of his presence and hearing; and that while her use of the car was with his consent, it was not at his direction. The trial court charged the jury: " The liability for the acts of another is not dependent entirely upon the strict relationship of master and servant, but upon any relationship of similar nature, and where one acts for another at his request, express or implied, for his benefit and under his direction, the principal would be responsible. The first question that you have to decide in this case is whether or not this young lady who operated this automobile, owned by the defendant, was doing so in the performance of the owner's directions, either express or implied. * * * If you shall find that the defendant's denial is correct, that the defendant did not direct the daughter to take Mrs. Cohen up to the hotel or farm house, as she called it, and that there was no implied express direction to do so, your verdict should be for the defendant."

The jury's verdict imports a finding, which is supported by the evidence, that the defendant's daughter was acting without direction from him, express or implied, and that she was in no sense his serv-

ant or representative in the operation of the automobile. The plaintiff excepted to the portion of the charge quoted and to a refusal to charge in the language of section 282-e of the Highway Law which reads as follows: " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

There is here raised the novel question whether this section inures to the benefit of a passenger in an automobile, who is the invitee of one driving with the permission of the owner, but not as his servant or representative. The jury's verdict establishes this relationship between the plaintiff and the daughter of the defendant. The legal question presented, therefore, is exactly the same as the one which would arise if the mere borrower of an automobile invited his wife, family or friends to drive and negligently injured them. The construction of the statute contended for by the plaintiff would make the owner under such circumstances liable for the injuries of the driver's own guest occasioned by the driver's own negligence. It would make a person who rented automobiles to be driven by the customer liable for injuries caused to the customer's own family by the customer's negligence. We do. not think that the statute was intended to impose a liability so drastic and causally unrelated to any act of the owner.

Underlying the statute is the concept that an automobile negligently operated upon a highway is an inherently dangerous instrument and that a person who sends it upon the highway should not be permitted to escape liability for its negligent operation merely because the operator of the automobile was not his servant acting within the scope of his authority. These considerations, however, have no application to one who voluntarily becomes a passenger in the automobile.

In *Fluegel* v. *Coudert* (244 N. Y. 393) it was pointed out that the purpose of the statute was to render obsolete the doctrine of the cases which held generally that the owner's mere permission to use did not impose upon him liability for the acts of the driver. It is there stated: " Liability is dependent upon legal use or operation [by a servant] in business ' or otherwise,' with permission or consent." But that opinion does not consider or define the class of persons for whose benefit this statutory liability is imposed. The · statute constitutes a section of the Highway Law and relates in terms only to owners of motor vehicles " operated upon a public highway." This supports the inference that the legislative intent

was to impose a liability on the owner in favor of strangers traveling on the highway. A reasonable construction of the statute limits its application to injuries sustained by persons on the highway who suffer from negligent operation of the vehicle. It does not confer a right of action against the owner upon those who voluntarily become passengers in a car driven solely for their benefit by one who has no relation of servant or quasi-servant to the owner, merely because the owner has consented to loan his car. The case comes, therefore, within the principle of *DiCaprio* v. *New York Central R. R. Co.* (231 N. Y. 94), where ANDREWS, J., writes: "Where a statutory duty is imposed upon one for the direct benefit or protection of another and the latter is damaged because this duty is not performed a cause of action arises in his favor based upon the statute * * *, but no one not included in the class so directly to be benefited may complain because the statute is not complied with."

The judgments and orders should be affirmed, with costs.

DOWLING, P. J., and MARTIN, J., concur; FINCH and O'MALLEY, JJ., dissent.

FINCH, J. (dissenting). Concededly the question here presented is whether section 282-e of the Highway Law inures to the benefit of a passenger in an automobile who is the invitee of one driving with the permission of the owner, but not as his servant or representative and where the person driving is not the agent or under the direction and control of the invitee. Concededly also, as stated in the prevailing opinion herein, "Underlying the statute is the concept that an automobile negligently operated upon a highway is an inherently dangerous instrument and that a person who sends it upon the highway should not be permitted to escape liability for its negligent operation merely because the operator of the automobile was not his servant acting within the scope of his authority." The language of the statute is general and its import is plain. I can find nothing which limits its applicability so as to exclude any class of persons injured through the negligence of the person intrusted with the operation of the motor vehicle by the owner. If it is desirable to restrict the statute with reference to the class of persons to be affected, this is a matter for the Legislature and not for the courts.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'MALLEY, J., concurs.

In each case: Judgment and order affirmed, with costs.