Mary F. Roche, as Administratrix, etc., of Francis B. Roche, Deceased, Appellant, v. The New York Central Railroad Company, Defendant, Impleaded with Blanche Warren, Respondent.

Fourth Department, November 2, 1927.

Motor vehicles — operation by third person — action for death of plaintiff's intestate caused by collision with railroad train while automobile was in possession of third person who had borrowed it — burden was on defendant owner to show contributory negligence — owner is liable under Highway Law, § 282-e, for negligence of said third person — no affirmative proof of contributory negligence — error to dismiss complaint at close of case.

The defendant loaned her automobile to a third person who invited plaintiff's intestate to ride with him. During the ride the automobile collided with a train and plaintiff's intestate was killed. The jury could have found from the evidence that the person who borrowed the automobile was driving it at the time of the accident; that it approached the railroad crossing at a high rate of speed; that the railroad warning gates were down, and that the automobile, without diminishing its speed, crashed through the gates and into a passing train.

Under section 265 of the Civil Practice Act the burden was upon the defendant owner to show that the plaintiff's intestate was guilty of contributory negligence, even though the automobile was being driven by the person who borrowed it, and such person was himself guilty of negligence.

The defendant owner is liable under section 282-e of the Highway Law for the negligence of the person to whom she loaned her automobile, although she did not know that the plaintiff's intestate was to be invited to ride.

Inasmuch as there was no evidence of an affirmative act of negligence on the part of the intestate, it was for the jury to determine by the evidence presented

whether his death resulted from the negligent operation of the automobile and whether he was guilty of negligence that contributed to the accident. Accordingly, it was error for the court to dismiss the complaint at the close of the entire case.

APPEAL by the plaintiff, Mary F. Roche, from a judgment of the Supreme Court in favor of the defendant Blanche Warren, entered in the office of the clerk of the county of Wayne on the 9th day of March, 1927, upon the dismissal of the complaint at the close of the entire case.

*Lewis A. Gilbert* [*Edson W. Hamn* of counsel], for the appellant.

*Carroll Whitman* [*Charles T. Ennis* of counsel], for the defendant New York Central Railroad Company.

*Pierson & Winchell* [*Frederick T. Pierson* of counsel], for the respondent Warren.

CLARK, J. This action was brought to recover damages for the death of plaintiff's intestate while a passenger in an automobile owned by the defendant Blanche Warren which occurred at a grade crossing of the defendant New York Central Railroad Company, on one of the principal streets of the village of Fairport.

At the close of all the evidence the complaint was dismissed as against each defendant. Plaintiff appeals from the judgment entered in favor of defendant Warren on the nonsuit. There was no appeal from judgment in favor of defendant railroad company.

It is undisputed that defendant Warren was the owner of an automobile which she loaned to a Mr. Kiggins for a drive to Syracuse on the 25th day of December, 1925. On their return from Syracuse Kiggins and his wife stopped at the home of plaintiff's intestate near the village of Newark, where they remained over night. The next afternoon, December twenty-sixth, Mr. Kiggins and plaintiff's intestate started in the same automobile for Rochester, Kiggins driving. It was storming at the time, and as they approached Fairport Kiggins got out to clean the windshield. It is claimed by the defendant that when he re-entered the automobile the intestate did the driving and was thus engaged at the time of the accident. The accident took place about fifteen minutes after seven o'clock in the evening and it was dark, although the streets were lighted.

The evidence shows that there was no view of approaching trains from the west until a point was reached twenty-one feet south of the railroad tracks, the view to the west before that point is reached being obstructed by stores and other buildings.

The automobile in which decedent was riding approached this crossing on the main street of the village, crossing a canal bridge

and double-track trolley system before reaching the scene of the accident.

There is no evidence that the driver of the automobile was familiar with this crossing. It could have been found that at the time of the accident Kiggins was doing the driving. There was evidence that the automobile approached the crossing at a high rate of speed, that the railroad warning gates were down with lights suspended on them, and that at the time of the accident the weather had cleared but that the street was icy. It could also be found that the automobile, without diminishing its speed perceptibly, crashed through the gates and into a passing east-bound freight train. As the result of this collision plaintiff's intestate was killed.

In this death case the burden was on defendant to show that the intestate was guilty of contributory negligence (Civ. Prac. Act, § 265) and that is so even though Kiggins was driving and was negligent, for his negligence cannot be imputed to the intestate.

The burden was on defendant to show some act or omission on the part of intestate which contributed to the accident. There was no direct evidence of such act or omission.

Under the circumstances, and on the whole evidence, it was for the jury to say whether intestate by anything that he did or omitted to do contributed to the accident which caused his death. (*Hardin v. New York Central R. R. Co.*, 205 App. Div. 157; *Terwilliger v. Long Island R. R. Co.*, 152 id. 168; affd., 209 N. Y. 522.)

The defendant Warren, owner of the automobile, having loaned it to a friend, was liable and responsible for the death of intestate if it resulted from the negligent operation of her car. (Highway Law, § 282-e, added by Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730; *Plaumbo v. Ryan*, 213 App. Div. 517; *Feitelberg v. Matuson*, 124 Misc. 595.)

The respondent relies on the case of *Cohen v. Neustadter* (221 App. Div. 102), but in view of the facts as disclosed by the evidence in the case at bar, we are unable to follow that case. There plaintiff was injured in an accident while she was a passenger in an automobile driven by the defendant's daughter. Plaintiff claimed that the daughter was negligent in the operation of the car. Defendant admitted that the use of the car by his daughter was with his consent, but denied that he had directed her to drive plaintiff to her home, and it was while on that errand that the accident occurred. The court charged the jury that if defendant did not expressly or impliedly direct his daughter to take plaintiff to her home there could be no recovery.

We do not so construe section 282-e of the Highway Law. The

language of that statute is perfectly plain, and it means that the owner of an automobile who intrusts another with the operation of his car is liable and responsible for the results of its negligent operation by any person using the same with the permission, express or implied, of such owner.

The evidence was ample to justify a finding that the operator of the car was negligent, and that at the time of the accident Kiggins, to whom defendant Warren had loaned her car, was driving it.

There having been a nonsuit plaintiff is entitled to the most favorable inferences warranted by the evidence. (*Horton* v. *New York Central R. R. Co.*, 237 N. Y. 38.)

There was no evidence of an affirmative act of negligence on the part of intestate, and it was for the jury to say on all the evidence whether his death resulted from the negligent operation of defendant's automobile, and whether the intestate was guilty of any negligence that contributed to the accident. The nonsuit was, therefore, improper.

It follows that the judgment should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.