FANNY COHEN, Appellant, *v.* PESACH NEUSTADTER, Respondent.

SAMUEL COHEN, Appellant, *v.* PESACH NEUSTADTER, Respondent.

**Negligence — motor vehicles — trial — charge — injury to passenger in car driven by defendant's daughter with defendant's assent — erroneous charge that to justify verdict jury must find defendant directed daughter to drive them— remedy under section 282-e of Highway Law.**

Where in actions to recover for personal injuries and for loss of services arising therefrom, it appears that while plaintiffs were riding in defendant's automobile, with his assent, the car was overturned through the negligent driving of his daughter, resulting in the injuries and loss complained of, an instruction by the trial court that in order to justify verdicts for the plaintiffs the jury must find that defendant had directed his daughter to drive them and a ruling that it was not sufficient if the daughter made the trip with the express or implied consent of the defendant, are erroneous. Section 282-e of the Highway Law (Cons. Laws, ch. 25) applied, to give plaintiffs a remedy against defendant, if the car was negligently driven by the defendant's daughter upon an errand assented to by the defendant.

*Cohen* v. *Neustadter*, 221 App. Div. 102, reversed.

(Argued December 1, 1927; decided January 10, 1928.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 24, 1927, affirming a judgment in favor of defendant entered upon a verdict.

*William A. Schacht* for appellants. It was error for the trial court to charge the jury that they must find that the driver of the car was the agent of the owner and engaged in his business, before a verdict could be rendered for the plaintiffs, and refuse to charge in the language of the statute. (*Plaumbo* v. *Ryan*, 213 App. Div. 517; *Fluegel* v. *Coudert*, 244 N. Y. 393.)

*James A. Nooney* and *Joseph Force Crater* for respondent. No error was committed by the trial court in its instructions and refusals to charge the jury. (*Downing* v. *City of N. Y.*, 219 App. Div. 444; 245 N. Y. 597; *Plaumbo* v. *Ryan*, 213 App. Div. 517; *Rolfe* v. *Hewitt*, 227 N. Y. 486; *Dawley* v. *McKibben*, 245 N. Y. 53; *Grant* v. *Knepper*, 245 N. Y. 158; *Feitelberg* v. *Matuson*, 124 Misc. Rep. 595; *Cohen* v. *O'Beyer*, 125 Misc. Rep. 390; *Butler* v. *Jackson*, 126 Misc. Rep. 568; *Potchasky* v. *Marshall*, 211 App. Div. 236; *Katz* v. *Wolff & Reinheimer, Inc.*, 129 Misc. Rep. 384; *Stapleton* v. *Hertz Drivurself Stations, Inc.*, 129 Misc. Rep. 772; *Shubert* v. *Shubert Wagon Co.*, 129 Misc. Rep. 578; *Brooks* v. *McNutt Auto Delivery Co.*, 126 Misc. Rep. 730.)

Kellogg, J. These are two actions in negligence which were tried as one. The first action was brought to recover damages for personal injuries sustained by the plaintiff Fanny Cohen. The second action was brought by her husband, Samuel Cohen, to recover damages for the loss of the services of Fanny Cohen, occasioned by her injuries. The two Cohens were spending their vacation in the Catskills at a boarding house near Mountaindale. The defendant, an acquaintance of theirs, was spending his vacation in the nearby village of Fallsburg. One day the three met at a country store in Mountaindale. According to the story told by the Cohens, the defendant asked them to drive with him in his automobile to Fallsburg. Fanny Cohen said that she would like first to change her dress. Thereupon the defendant directed his daughter, Pearl Neustadter, to drive the Cohens in his automobile to their boarding house in order that Fanny Cohen might effect a change of clothes. According to the Neustadters, the Cohens asked the defendant to drive them in his automobile to Fallsburg. When the defendant had given his assent, Fanny Cohen remarked that she must return to her boarding house

for the purpose already stated. Thereupon the defendant's daughter Pearl, in the presence of the defendant, invited Fanny Cohen to drive to the boarding house. No direction was given by the defendant to his daughter to make the drive. Concededly, the drive was taken. Concededly, the automobile, on its way back from the boarding house, was overturned at the foot of a steep hill while Pearl Neustadter was attempting to guide it around a turn into a cross road. Concededly, the plaintiff Fanny Cohen was more or less seriously injured by the capsizing of the car. Abundant proof was given to justify the conclusion that the car was negligently driven by Pearl Neustadter. Nevertheless, the jury, by its verdicts, acquitted the defendant from liability. It had been instructed by the trial court that in order to find verdicts for the plaintiffs it must first find that the defendant had directed his daughter to drive the Cohens to the boarding house and return. The court had also ruled that it was not sufficient if the daughter made the trip with the express or implied consent of the defendant. In view of the instructions given, and the compelling nature of the proof as to negligence, it is highly probable that the verdicts resulting were based upon a determination that while the automobile was driven with the assent of the defendant owner, it was not driven by his direction.

The accident occurred on July 15th, 1924. At this time section 282-e of the Highway Law (Cons. Laws, ch. 25), which was added by chapter 534 of the Laws of 1924, had become effective. The section, in part, provides as follows: " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of

14

such owner." It has been said: " As Blackstone tersely expressed it, in the interpretation of statutes due regard must be had to the old law, the mischief and the remedy." (*Woollcott* v. *Shubert*, 217 N. Y. 212.) The old law exempted the owner of a loaned motor vehicle from liability for personal injury or property damage resulting from the negligent driving of the vehicle by the borrower upon business of his own. (*Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *Potts* v. *Pardee*, 220 N. Y. 431.) The added section rendered obsolete this doctrine of the older law. It made the owner of a motor vehicle liable for the negligence of a driver who operated it for his own purposes with the assent of the owner. (*Fluegel* v. *Coudert*, 244 N. Y. 393; *Psota* v. *Long Island Railroad Co.*, 246 N. Y. 388.) Doubtless the Legislature, in enacting the section, chiefly had in mind, as a mischief to be cured, the remediless plight of a highway traveler injured by a motor vehicle, other than the one in which he might be traveling, through the recklessness of an irresponsible driver to whom the owner had intrusted the vehicle and thereby made the accident possible. We cannot say that the Legislature did not equally have in mind the case of a guest traveling, with the consent of the owner, in the very automobile by the reckless driving of which injury was inflicted upon him. Certainly the section itself draws no distinction between the guest and persons otherwise using the highway, denying to the former, and according to the latter, a remedy against the owner. It ordains merely that the owner of the vehicle shall be liable and responsible " for death or injuries to person or property." The class of persons for whose death, or for whose personal or property injuries, there shall be owner's liability is in nowise restricted by the terms of the section. We see no sound basis upon which we may interpolate restrictive words into the section. Therefore, we think that the provisions of section 282-e applied to give these plaintiffs a remedy against this

defendant, if the car was negligently driven by the defendant's daughter upon an errand assented to by the defendant. It may be well to state that the question does not here arise whether, under the section, the assent of the owner must be given not only to the operation of his car upon the business of its borrower, but to the presence in the car of an invitee of the borrower, in order that the invitee may have a remedy, since concededly Fanny Cohen rode in the defendant's automobile with the defendant's assent. For these reasons we think the trial judge erroneously instructed the jury upon a proposition of law of paramount importance upon the issues made, and that the judgments should be reversed.

The judgment in each case should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; LEHMAN, J., dissents.

*Judgments reversed, etc.*