ALBERT CHARLES AMANN, an Infant, by J. ALBERT AMANN, His Guardian ad Litem, Plaintiff, *v.* MYRON THURSTON, SR., and Others, Defendants.*

Supreme Court, Oneida County, February 4, 1928.

* Affd., 224 App. Div. 874.

*Oscar J. Brown*, for the plaintiff.

*Frank J. Ryan* [*M. William Bray* of counsel], for the defendant Thurston.

*Coley & Kiley* [*Edward Kiley* of counsel], for the defendant Cunningham.

WILLIAM F. DOWLING, J. This action is in negligence to recover damages for personal injuries arising out of a collision between a Dodge touring car and a Dodge light truck, which occurred at the intersection of Main and Walnut streets in the city of Oneida, N. Y. The Dodge touring car was owned by the defendant Myron Thurston, and operated by his son, Myron Thurston, Jr., with his consent and knowledge. The Dodge truck was operated by a young man named Wallace Johnson, with the knowledge and consent of the defendant Cunningham. The Dodge touring car was traveling southerly on Main street toward Oneida Castle. The Dodge truck was traveling northerly on Main street from

Oneida Castle to the city of Oneida proper. The operator of the truck turned westerly into Walnut street and while the turn was being made the collision in question occurred. These streets intersect at right angles. Walnut street is twenty-five feet and Main street is forty-two feet wide between curbs. Plaintiff contends that the accident arose due to the concurring negligence of the drivers of said vehicles and without any fault on his part.

The plaintiff was a candidate for initiation into a boys' fraternity, which was to be held at Sherrill on the evening of the date of the accident. A friend of his, by the name of Murphy, who lived in the city of Oneida, was also a candidate for initiation on the same occasion. The plaintiff attended at the appointed place for the initiation, and as the hour therefor approached, he observed that his friend and co-candidate had not arrived. Myron Thurston, Jr., and his brother were members of this fraternity. On the evening in question, they procured from their father the Dodge touring car to drive to Sherrill to attend the initiation ceremonies. The car was driven from the father's house by a brother of Myron Thurston, Jr. After the brothers had arrived at the place appointed for the initiation, it appears that the plaintiff requested the president of the organization, a young man named Bartholomew, to take him to Oneida to look for his friend Murphy. Bartholomew being busy, informed the plaintiff he was unable to go. It is the claim of the plaintiff that Myron Thurston, Jr., thereupon volunteered to take him to Oneida for the purpose of locating Murphy. It is the claim of Myron Thurston, Jr., that he did not volunteer to take the plaintiff, but that the plaintiff asked him to carry him to Oneida for the express and sole purpose of locating and bringing back Murphy.

Myron Thurston, Jr., and the plaintiff went to Oneida in the defendant Thurston's car, Myron Thurston, Jr., driving. They visited several places where plaintiff thought Murphy might be at that time. Failing to find him, they started back for Sherrill. On the way back, plaintiff was scanning the sidewalk on his side of the car, thinking Murphy might be walking to Sherrill. Myron Thurston, Jr., also occasionally scanned the sidewalk on his side for the same purpose. As the car approached the intersection, there was evidence given by disinterested witnesses that the driver of the defendant Cunningham's truck, without warning, suddenly turned the truck sharply to the left, and without going past the center of the intersection, and directly in front of the Thurston car, with the result that the two cars came into collision on the westerly side of the intersection. The plaintiff did not see the truck at all until after the collision had occurred, due to the fact

that his attention was diverted to the sidewalk as aforesaid. Each defendant denied that the driver of his car was negligent; each charged that the other's driver was negligent, but both claimed that the plaintiff was guilty of contributory negligence in that he took no precaution whatever for his own safety. The defendant Thurston also contended that in view of the fact that the plaintiff had procured his son to drive him upon the plaintiff's own business, he was thereupon relieved from any negligence of which his son might have been guilty in the operation of his car on the occasion in question.

The court charged the jury, in substance, that if the plaintiff requested Myron Thurston, Jr., to carry him to Oneida to get his friend Murphy, he, the plaintiff, would, in that event, have been on his own business, and could not recover for any negligence on the part of said Myron Thurston, Jr., in the operation of his father's car. To this, the plaintiff duly excepted. The following excerpt from the charge presents the situation more definitely: "Mr. Brown: I also desire to except to that portion of your Honor's charge in which you said in words or in substance that if the jury found that the plaintiff had invited or asked the defendant, or the witness Thurston, Jr., to take him to Oneida, that he could not recover for any negligence of that person attributable to the defendant Thurston, and in that respect I ask your Honor to say to the jury that even though the trip to Oneida was at the suggestion of the plaintiff, that he still is entitled to recover for the negligence of the person operating the car. The Court: That is hardly the situation here. The question submitted to the jury is whether or not the plaintiff requested Mr. Thurston to carry him to Oneida. If he did, then I say he would be on his own business and could not recover. Mr. Brown: May I except to the charge just in those words, and in respect to those words, may I ask your Honor to say to the jury that even though they find this trip was made solely at the request of the plaintiff, that he still is entitled to recover for the negligence of the operator of this car, if there was negligence. The Court: I decline to so charge. Mr. Brown: To that declination may I have an exception? The Court: Yes."

The question of the defendants' negligence and the plaintiff's freedom from contributory negligence was submitted to the jury. The jury returned a verdict of no cause for action. The facts in this case demonstrate that someone was negligent in the operation of the cars on this occasion. It is difficult to determine on what theory the jury exonerated both defendants, unless it be the theory that the plaintiff was guilty of contributory negligence. If the

verdict of the jury is based upon this theory, it is against the weight of evidence. I am more inclined to the view that the jury exonerated both defendants as a result of the foregoing charge on the theory that the plaintiff was engaged on a mission of his own, and that as he could not recover against the owner of the car in which he was riding, he should not recover as against the owner of the other car. So far as the contributory negligence of the plaintiff is concerned, I think the proof is reasonably conclusive that the truck was suddenly switched in front of the Thurston car, and had the plaintiff been looking, I cannot conceive of anything that he might have done to have avoided the accident. The act of turning the truck was so sudden and unexpected that there was no reason for the plaintiff to foresee it, nor was there sufficient opportunity for him to have avoided it. (*Grant* v. *Knepper*, 245 N. Y. 158, 164.)

It was conceded on the trial that Myron Thurston, Jr., was legally using the defendant Thurston's car with his express permission. The plaintiff, at the time of the accident, was exercising no control or management over the Thurston car. At the most, it was being driven at his request, and for a purpose in which he was peculiarly interested, unless it be said that young Thurston was likewise interested in having present all of the candidates who were to take the degree.

Since the enactment of section 282-e of the Highway Law (Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730), I think the authorities are clear to the effect that Myron Thurston, Jr., in the operation of the car on the occasion in question, was the agent of the defendant Thurston. (*Grant* v. *Knepper*, 245 N. Y. 158, 164; *Psota* v. *L. I. R. R. Co.*, 246 id. 388, 393; *Fluegel* v. *Coudert*, 244 id. 393.) This being the case, his negligence, if any, unquestionably would be attributable to the owner, if the owner had assented to plaintiff's presence in said car.

The above section of the Highway Law has rendered obsolete the doctrine of such cases as *Van Blaricom* v. *Dodgson* (220 N. Y. 111) and *Potts* v. *Pardee* (Id. 431, 436).

Liability is no longer dependent upon use or operation by a servant in the business of a master. It is dependent now upon legal use or operation in business of the owner or otherwise, with his permission or consent. In the case of *Fluegel* v. *Coudert* (244 N. Y. 393) in commenting upon the effect of section 282-e of the Highway Law, the court said: " Liability is dependent upon legal use or operation in business ' or otherwise,' with permission or consent. The owner who loans a car to a friend or an employee will be liable hereafter for the negligence of the operator though the

loan is unrelated to employment, a mere friendly accommodation. The father will be liable for the negligence of the son to whom he has intrusted the use of the family automobile. (*Van Blaricom* v. *Dodgson, supra*.) We make no attempt at exhaustive enumeration. What has been said will suffice for illustration and example."

In enacting section 282-e of the Highway Law, the Legislature determined to and did change the rule of the *Van Blaricom* and *Potts Cases* (*supra*) so as to make the owner liable for the negligence of the person to whom he loans his car in connection with its operation upon the highway. Such person is no longer a stranger to the owner, but becomes to this extent the owner's agent. The owner assumes this liability, under the law, and takes this risk in loaning his car. (*Grant* v. *Knepper, supra; Psota* v. *L. I. R. R. Co., supra*.)

From the foregoing cases, it is quite clear that so far as users of the highway are concerned, the owner of an automobile, who loans it to another, is liable for the negligence of the person to whom the car is loaned.

I have been unable to find a decision in this State as to the liability of an owner to an invitee, or a licensee of the person to whom he has loaned his car, where such licensee or invitee is in the car without the knowledge, consent or direction of such owner. Section 282-e of the Highway Law contains no restriction as to the class of persons for whose death or for whose personal or property injuries the owner shall be liable. The title to section 282-e is suggestive of its scope, viz.: *Negligence of operator other than owner attributable to owner*. I think, under the facts of this case, that section 282-e is broad enough to render the defendant Thurston liable for the negligence of his son, if any there was, in the operation of the Thurston car, whether he did or did not know of or assent to plaintiff's presence in the car at the time of the accident. (*Roche* v. *N. Y. C. R. R. Co.*, 221 App. Div. 497, 499; *Cohen* v. *Neustadter*, 247 N. Y. 207, revg. 221 App. Div. 102; *Owen* v. *Gruntz*, 216 id. 19, 21; *Plaumbo* v. *Ryan*, 213 id. 517, 518; *Brooks* v. *McNutt Auto Delivery Co., Inc.*, 126 Misc. 730, 733.) In the *Roche Case* (*supra*) the court said (at pp. 499, 500): " The defendant Warren, owner of the automobile, having loaned it to a friend, was liable and responsible for the death of intestate if it resulted from the negligent operation of her car. (Highway Law, § 282-e, added by Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730; *Plaumbo* v. *Ryan*, 213 App. Div. 517; *Feitelberg* v. *Matuson*, 124 Misc. 595.)

" The respondent relies on the case of *Cohen* v. *Neustadter* (221 App. Div. 102), but in view of the facts as disclosed by the

evidence in the case at bar, we are unable to follow that case. There plaintiff was injured in an accident while she was a passenger in an automobile driven by the defendant's daughter. Plaintiff claimed that the daughter was negligent in the operation of the car. Defendant admitted that the use of the car by his daughter was with his consent, but denied that he had directed her to drive plaintiff to her home, and it was while on that errand that the accident occurred. The court charged the jury that if defendant did not expressly or impliedly direct his daughter to take plaintiff to her home there could be no recovery.

" We do not so construe section 282-e of the Highway Law. The language of that statute is perfectly plain, and it means that the owner of an automobile who intrusts another with the operation of his car is liable and responsible for the results of its negligent operation by any person using the same with the permission, express or impiied, of such owner."

It has been suggested that plaintiff, under the circumstances, was a mere licensee, as to whom the driver of the Thurston car was under no obligation, except to refrain from willful or wanton acts. In view of the scope of section 282-e of the Highway Law I think this rule is not applicable here, although it is the law in several other jurisdictions, notably in New Jersey. (See *Lutvin* v. *Dopkus*, 94 N. J. Law, 64; *Rose* v. *Squires*, 101 id. 438; 128 Atl. 880; Huddy Automobiles [8th ed.], § 805.)

The charge as made, and the refusal to charge as requested, constituted reversible error which was very prejudicial to plaintiff, and probably fatal to a recovery on his part.

The verdict as to the negligence of the driver of the defendant Cunningham's truck is against the clear weight of the evidence.

For the reasons above stated, the verdict in favor of both defendants should be set aside and new trial granted.

Ordered accordingly.