GENEVA LEPPARD, Respondent, *v.* JOHN J. O'BRIEN, Appellant.

Third Department, January 16, 1929.

*Naylon, Maynard, Bates & Smith* [*W. C. Maynard* of counsel], for the appellant.

*Chambers & Finn* [*Walter A. Chambers* of counsel], for the respondent.

HINMAN, J. The plaintiff was injured in a collision of two automobiles. The facts are undisputed. The defendant was a co-owner of one of these automobiles. He and his brother purchased it, each paying one-half of the purchase price and the car being licensed in both names. The testimony is that they were joint owners. Each drove the car whenever he wished to do so without asking permission of the other. That was their common understanding of their rights. At the time of the happening of the accident the defendant was at his home. His brother was driving the car. The defendant did not even know that his brother was using the car at the time. It was not being used or operated in the defendant's business or in any joint enterprise of the brothers. The brother who was driving the car was killed in the accident and the plaintiff has brought action against the defendant alone and has obtained a verdict and judgment against him, from which the defendant appeals.

The sole question is whether the trial court erred in refusing to grant defendant's motion to dismiss the complaint on the ground that, as matter of law, the defendant could not be held liable under section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1925, chap. 167 and Laws of 1926, chap. 730). The accident happened September 8, 1927. The section, as then in force, provided: " Section 282-e. Negligence of *operator other than owner* attributable to owner. Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner. * * * "

The old law, the mischief and the remedy designed to meet it, have been outlined by the Court of Appeals in *Psota* v. *Long Island R. R. Co.* (246 N. Y. 388, 393), wherein CRANE, J., writing for that court, said: "Prior to the enactment of this section [section 282-e of the Highway Law], the law was that an owner was not liable for the negligence of a person to whom he had loaned his car, whether that person were a member of his family, a servant on a personal errand or a stranger. (*Potts* v. *Pardee*, 220 N. Y. 431; *Van Blaricom* v. *Dodgson*, 220 N. Y. 111.) The Legislature determined to change this law and did change it by this section of the Highway Law so as to make the owner liable for the negligence of a person to whom he loaned the car in connection with its operation upon the highway. Such person was no longer a stranger to the owner, but became to this extent the owner's agent. The owner assumed this liability under the law and took this risk in loaning his car. (*Fluegel* v. *Coudert*, 244 N. Y. 393.) But the Legislature went no further; it did not otherwise change any of the rules of liability; that is, it did not extend the liability of the master for the acts of his servant. It placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent, but it did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment. The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. (*Dean* v. *Metropolitan Elevated Railway Co.*, 119 N. Y. 540, p. 547.)" (See, also, *Cohen* v. *Neustadter*, 247 N. Y. 207, 210.)

It is clear that under the authorities in this State the defendant would not be liable unless a liability was created by said statute. "If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable." (Suth. Stat. Const. § 371; *Matter of Andersen*, 91 App. Div. 563, 565; *Town of Hempstead* v. *City of New York*, 52 id. 182, 188; *Smith* v. *Boston & Albany R. R. Co.*, 99 id. 94, 98.) Taking "the natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending their operation" (*Waller* v. *Harris*, 20 Wend. 555, 560), the intent of the Legislature as expressed in section 282-e of the Highway Law was to make the "negligence of *operator other than owner* attributable to owner," if the car was being used with the owner's permission and whether in the business of such owner or otherwise. The object was to prevent an owner

who had given permission, express or implied, for the use of his car from escaping liability by saying that it was not being used in his business. His permission for its use was made the basis of his liability. He was assumed to have the right to grant or withhold such permission. If it was being driven without his permission or contrary to his express orders no liability attached to him. (*Fluegel* v. *Coudert*, 244 N. Y. 393; *Psota* v. *Long Island R. R. Co.*, 246 id. 388.)

In the case before us the car was being driven by a joint owner. There being joint owners, there was unity of title, interest and possession. Each was seized by the half and the whole. (*Matter of McKelway*, 221 N. Y. 15.) It was their common understanding when they bought the car together that each should use it when he wanted it. That was not the permission contemplated by the statute in question. It cannot be assumed that their minds met on the subject-matter of this statute. The fair inference is that they simply expressed their understanding of their respective rights in conformity with the law relating to their status as joint owners. Their common understanding neither added to nor subtracted anything from the rights which the law gave them. Each of them in the eyes of the law had title and possession without the permission of the other and used it in his own right; neither of them could so control possession and operation of the car as to deny permission to the other owner or his agents and employees. It nowhere appears in the statute that the Legislature intended that the vicarious liability created by its enactment should be visited upon one who could not prevent or control the use or operation of his car by withholding permission. It is a lawful thing for two persons to buy and own an automobile jointly, giving to each dominion over it. No such persons, reading section 282-e of the Highway Law and contemplating such a joint purchase, would conceive that the joint ownership involved the penalty of that statute which would make either of them liable when he had violated no law or had been guilty of no negligence or had neglected no duty, moral or otherwise, by placing it in the hands of an irresponsible person to use. If the Legislature should deem it proper to impose such a penalty on joint ownership of an automobile, such a purpose should be clearly expressed in the statute.

Our conclusion is that section 282-e of the Highway Law was not designed to make each part owner of an automobile liable for the consequences of the negligent operation of it by a co-owner or his agent. We are supported in our opinion by the reasoning of the Supreme Court of Michigan in relation to a similar statute providing that " the owner shall not be liable unless said motor

vehicle is being driven by the express or implied consent or knowledge of such owner." In holding that the statute did not contemplate operation by a co-owner, that court said: " It is evident that the Legislature intended that the owner of a car should be liable for the consequences of his own negligent driving and for the negligent driving of those whom he permits to drive it. In the main, the statute declares the rule of the common law and there lies at the foundation of the statute and of the common-law rule the fact that the owner of a car may choose his agents and employees and may control possession of the vehicle. It is not evident that the Legislature intended to make each part owner of a car liable for the consequences of the negligent operation of it by a co-owner or his agent or employee. In the first place, the foundation for such a rule does not exist, since a part owner of an automobile may not choose the agents or employees of the other owner nor control possession of the car by the co-owner. In the second place, the language of the law, fairly interpreted, does not evidence a purpose to visit upon an owner the consequences of negligence committed by persons whose custody and possession of the car he may not and cannot control. In the third place, it may be said that it is at least doubtful whether the legislative power extends to visiting upon the citizen consequences of tortious actions which he cannot prevent or control." (*Mittelstadt* v. *Kelly*, 202 Mich. 524, 531.)

The judgment and order should be reversed on the law, with costs, and the complaint dismissed, with costs.

VAN KIRK, P. J., WHITMYER and HASBROUCK, JJ., concur; DAVIS, J., dissents, with an opinion.

DAVIS, J. (dissenting). It seems to me that the language of the statute (See Highway Law, § 282-e) positively covers the situation presented here: " *Every owner* * * * shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle *in the business of such owner or otherwise,* by *any person* legally using or operating the same with the permission express or implied of such owner." The defendant was an owner. The purchase of an automobile jointly with another implies a consent that the other common owner may use it at any convenient time. In this case there was an express agreement that each should take the car and use it when he wanted it. The other owner was legally using the car. The relation was no different from that which might exist between an owner and his trusted chauffeur. The owner

would be liable not only for his own fault, but for the negligence of one to whom he had intrusted the custody of his car, with permission to use at will.

The purpose of the statute was to fix liability on owners of motor vehicles by whom theretofore responsibility had been often evaded. New relations and obligations were created, not dependent on the doctrine of *respondeat superior*. Common-law rules and ancient principles, if not swept aside, were extended by the adoption of new standards. The language of the statute is clear and there is no occasion to invoke the aid of rules of construction or resort to subtle reasoning. (*Cohen* v. *Neustadter*, 247 N. Y. 207; *Plaumbo* v. *Ryan*, 213 App. Div. 517; *Roche* v. *N. Y. Central R. R. Co.*, 221 id. 497.) I favor affirmance.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.