JANE MAX, AN INFANT, AND DORIS MAX, AN INFANT, BY ELEANOR MAX, THEIR NEXT FRIEND, AND ELEANOR MAX, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. R. ROBERT MAX, DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided January 4, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiffs-respondents, *Collins & Corbin* (*Edward A. Markley*, of counsel).

For the defendant-appellant, *Townsend & Doyle* (*Mark Townsend, Thomas F. Doyle* and *William A. O'Brien*, of counsel).

BROGAN, CHIEF JUSTICE. This appeal by the defendant raises several questions which challenge (a) the charge of the court as erroneous; (b) the court's ruling on evidence, and (c) the rejection of certain requests to charge proffered by the appellant. The plaintiffs had judgments upon the jury's verdict, *i. e.*, Jane and Doris Max, infants, appearing by their next friend, Eleanor Max, for personal injuries, and Eleanor Max, personally, for her injuries and medical expenses. The injuries were received while the plaintiffs were riding in the defendant's automobile. The accident happened on a public road in New York State (the Bronx River Park-

way). The defendant's car, operated by one Preston Mayes, a chauffeur, left the highway and struck a telegraph pole.

In the brief the appellant says the "focal" points of the case were (1) "whose employe was Preston Mayes, the chauffeur? (not a party defendant) and (2) the proper construction of this Highway act—the statute and decisions of the court of New York construing it being placed in evidence."

The main issue indeed was whether Mayes was at the time in the employ of the defendant or of Eleanor Max. The jury's finding on that question is, of course, conclusive, providing the proof thereof was unattended by error either in the admission or rejection of evidence or in the charge of the court to the jury.

Relative to the second "focal" point, it should be mentioned that the plaintiffs' theory of this case is two-fold—(1) the alleged common law liability of the defendant, and (2) his alleged liability under section 59 of the statute called the New York Highway act; that section reads: "Every owner of a motor vehicle or motor cycle, operated upon a public highway, shall be liable and responsible for death or injury to persons or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise by any person legally using or operating the same, with the permission, express or implied, of such owner."

The grounds of appeal, thirty-two in number, are reduced in the appellant's brief to seven points and these seven fall into the three categories already stated; (a) error in the charge as given; (b) error in the court's ruling on evidence, and (c) error in the court's refusal to charge the defendant's requests.

(A) Alleged errors in the charge are made the subject of argument in the appellant's brief under points 1, 3, 4 and 5.

Under this first point it is urged that it was error for the court to have charged the jury as follows:

"You have a right to determine the credibility of the witnesses from their demeanor on the stand (where they have been on the stand). You have a right to determine

whether they have convinced you that they have been telling the truth in this case. You have the testimony before you of a witness who has not been on the witness stand. That is the testimony of this colored man, Mayes, whose testimony was taken before a Master in Chancery and which testimony has been read to you. His evidence is competent because he is without the jurisdiction of the State of New Jersey. Apparently, at the time his testimony was taken, he was about to leave the jurisdiction of the State of New Jersey and his testimony was taken stenographically before a master so it could be used at this trial. It is now before you. You haven't had a chance to examine him on the witness stand and his testimony you must analyze from the record itself. If you want to draw inference from the fact he is not here, you have a perfect right to do so, except you must remember he is not subject to our judicial process. If he came here as a witness, he would have to come as a voluntary witness."

At the outset it is said by the respondent in answer that this ground of appeal is too broad and is therefore not available because not specific and therefore technically ineffectual to bring about a reversal, relying on such cases as *Martin* v. *Studebaker Corp.*, 102 *N. J. L.* 612, 613. But we prefer to consider the proposition on its merits.

An examination of the appellant's argument makes it plain that he thinks that this statement—"You haven't had a chance to examine him on the witness stand and his testimony you must analyze from the record itself. If you want to draw inference from the fact that he is not here you have a perfect right to do so except you must remember that he is not subject to our judicial process. If he came here as a witness he would have to come as a voluntary witness"—from the court to the jury is the error in the entire quoted passage from the charge. We do not think that this statement should have been made by the trial court. Either the depositions belonged in the case or they did not. If they were offered under proper legal auspices they were entitled to become part

of the proof without comment. The law puts its stamp of competency on proof thus produced, if it be taken because the witness is out of the state, aged, or infirm, or for any other reason recognized by the law. Our statute concerning matters of this kind—*R. S.* 2:100-1, provides, "The examination of any witness by commission or deposition taken, returned and filed as provided for in this chapter, or a duly certified copy thereof, shall be as competent evidence in the cause in which it shall be taken as if such witness had been examined in open court on the hearing or trial thereof, proof being first made to the satisfaction of the court that such witness resides or is out of the state, or is dead, or by reason of age, sickness or bodily infirmity is unable to attend court. * * *"

At the time the deposition was offered, no objection whatever was raised, although there had been no proof offered that the deponent was in fact out of the state, &c. But, notwithstanding this, nothing in the statute countenances the drawing of any inference because of the fact that the testimony appeared in deposition form. The jury, however, in its consideration of depositions, is not circumscribed by any rule as to the credence it shall give to them any more than it is regarding any other testimony or proof in the case. It may accept a deposition at its face value or not, as it sees fit. But unless the excerpt complained of "injuriously affected the substantial rights of a party" we are enjoined by the statute (*R. S.* 2:27-363) not to reverse a judgment for such misdirection.

It is our view that the instruction complained of, in the light of the fact exposition in the case, did not affect the defendant's rights.

The plaintiffs were related to the defendant. The infants were nieces, the adult plaintiff a sister-in-law of the defendant. The important issue was whether Mayes was in the employ of the defendant or the plaintiff Eleanor Max.

Mayes, in his deposition, said that the defendant, Max, on one occasion came to see him in New York and offered him $100 to testify that he was working for him. He also testified that Eleanor, accompanying the defendant and a third

person, later came to see him in New York and that the defendant asked him on this occasion if he had considered the proposition which he, Max, had previously offered him. The argument to the jury presumably was that the parties, plaintiff and defendant, had conspired to mulct the insurer of the defendant.

But what the court said must be appraised in the light of the whole situation. The court did not say whether a favorable or an unfavorable inference might be drawn as against either party. But the court did say that the testimony was competent and that the witness was outside of the jurisdiction of the state (which was not a fact in proof but was, we think, favorable to the defendant), and that the jury had the right to determine the credibility of the witnesses—all of which is undeniably sound. It should also be pointed out that in the deposition Mayes, towards the end of his testimony, said that he was willing "to come and testify in court" and to co-operate to see that justice was done. On the record before us (*i. e.*, the deposition in question), it seems to have been appellant's counsel who always interjected the proviso as to the "availability" of the witness when this case was reached for trial. All of this, in detail, of course was read to the jury and under the alleged erroneous instruction, which we have mentioned, the jury might have concluded with as much reason that it was appellant rather than respondent who did not desire the personal appearance of this witness at the trial. We are unable to see how this made for error to justify a reversal.

It is further said that the court erroneously charged the jury as follows: (Point 3)

> "I want to call your attention to another fact that is in this case—and this case has some unuusal circumstances which make it necessary for the court to call your attention to them. The fact is that the defendant in this case is one R. Robert Max. The defendant in this case is not an insurance company. * * * Mr. Townsend of that firm, in his opening and throughout the trial, has several times alluded to the fact that while

nominally he represents the defendant, he, in fact, represents the insurance company. But you have got to bear in mind throughout this case that the insurance company (whatever the name of it is) is not a party to this suit directly—is not a party to this suit at all. The defendant is one R. Robert Max and your duty is to consider whether R. Robert Max is guilty of the matters alleged in the complaint as the defendant, or whether he is to be absolved. The question of insurance has nothing to do with whether or not he should be held responsible. It may well be that if there be a judgment against Max, if he be insured and if the insurance company be a solvent company (and some of them are not to-day—this company I know nothing about), the judgment would have to be paid by the insurance company, or it might not be. It would depend on the policy and it has nothing to do with deciding the issues in this case, as I see it."

The challenge to this excerpt of the court's charge merits no particular discussion. Each and everything said by the court was, as a matter of fact, accurate. It was appellant's counsel who injected into the case the fact that the real party in interest on the defendant's side was an insurance company. Moreover, a witness for the defendant was called to prove that fact. Manifestly this could not be done by a plaintiff. *Paterson* v. *Surpless,* 107 *N. J. L.* 305, 307. No insurance company was party to this suit, nor could it have been at that juncture. The issue in the case was the defendant's negligence by his servant. The appellant seeks to point out that this was an extraordinary situation because of the relationship of the parties and the insinuation of fraud. If it was, other lawful means existed for the relief of the insurer. We find no error in this challenged portion of the charge.

Under the next ground urged for reversal (Point 4) it is said that the court erroneously charged the jury as follows:

"Under the first complaint if you find after consideration of all the evidence that this automobile was owned by the defendant Max and was being operated by this

man Mayes as the agent, servant or employe of the defendant Max, and that his negligence was the proximate cause of the injuries sustained by the plaintiffs, then they would be entitled to a verdict at your hands, except for one thing. We have in New Jersey the doctrine of contributory negligence. * * * Under the complaint which was originally filed in this case, which is the complaint I have been discussing up until now, there must be a finding by you that Mayes was the agent, employe or servant of the defendant, Max, at the time of the accident, because if he wasn't under the common law there could be no recovery because the defendant, Max, would not be responsible for the negligence of Mayes unless Mayes was his agent, servant or employe. This is with respect to the complaint that is based upon the common law. * * * In other words, under the common law complaint he would have to be the agent, servant or employe of the defendant, Max, because then he would be in the business of the master. * * *"

Here it should be mentioned that this excerpt urged as error, consists of several sentences extracted from three different parts of the charge and then attached into a continuity making for one ground of error. This mode of assignment of error is not countenanced under our practice. Grounds of appeal, like exceptions, must be specific and limited each to a single ruling or to a single proposition of the charge. *Martin* v. *Studebaker Corp., supra.*

It is argued under this pieced-together ground of appeal that the court omitted to say that which was essential in the matter, namely, that the jury had to find "that the automobile was operated on the defendant's business." There are two short answers to this—first, what appellant complains about is that the court failed to say something that counsel now thinks he should have said. This alone is not a ground for reversal. *Benz* v. *Central Railroad,* 82 *N. J. L.* 197, 199; second, the omission, if there was an omission, should have been submitted to the court in a request to charge.

It is plain that the crux or "focal" point of this case was

whether or not Mayes was the servant of the defendant under circumstances that would make the doctrine of *respondeat superior* applicable and controlling. Now a careful reading of the charge leads us to conclude that the court did not fall into error in this element of his charge. Implicit in the charge is the idea that the jury, in order to fasten liability on the defendant, had to conclude that the chauffeur was acting for his employer at the time of the accident, or that he was on a mission assigned to him by his employer.

Moreover, the court charged two requests offered by the defendant to the effect that if Mayes was found to be the agent or servant of Eleanor Max, a plaintiff, then the jury should return a verdict of no cause of action as to all the plaintiffs in the common law action which was pleaded in the first five counts of the original complaint. There is no such thing as error at large, and this is what appellant endeavors to have us make out of this ground of appeal.

In the next alleged error in the charge (Point 5), the ground of appeal amounts to almost ten pages of printed matter. This lengthy ground contains many distinct propositions of fact and law, some of which are undeniably sound. Assuming, but only for the sake of argument, that one or more of the many propositions contained in this ten-page excerpt are not sound, the appellant takes no advantage by that fact. It will serve no useful purpose to reproduce the ground of appeal, page by page. Under a stated ground of appeal, addressed to the court's charge, if part of the charge challenged as error is legally sound and part of it erroneous, it will not avail the appellant as a ground for reversal. *Cf. Martin* v. *Studebaker Corp., supra; McKenna* v. *Reade,* 105 *N. J. L.* 408, 413; *Vogel* v. *295 Halsey St. Co.,* 109 *Id.* 83, 86. That, in our view, was the situation here.

This concludes the appellant's objections to the charge. We find no ground for reversing the judgment on that score.

(B) It is next said that the court erred in overruling the defendant's objections to questions on direct examination of Mayes and striking out answers by Mayes which appear in testimony taken by deposition. The complete answer to this complaint is that all of the testimony previously excluded

was later put into the case and the entire deposition submitted to the jury for consideration. There was no error in this. *Redhing* v. *Central Railroad,* 68 *N. J. L.* 641. The exclusion of an answer to a question may not be urged as error when later the same question is asked and answered.

It is next urged under this heading—ground 7—that it was error for the court to take the testimony of a New York lawyer and to receive his opinion on a statute of the State of New York, the construction of which was pertinent to the issue. We think it was not error. The exact issue has long since been settled by our Court of Errors and Appeals. *Fithian* v. *Pennsylvania Railroad,* 91 *N. J. L.* 275, 279. What the law was in the State of New York at the time in question is a fact issue to be proved like any other fact, upon which the jury should pass. And this might be proved, as here, by expert witnesses.

(C) Under this ground of appeal (Point 6) it is said that the court erred in refusing to charge the third, fourth, fifth, sixth, eighth, ninth and tenth requests. The third, fourth and fifth requests were properly refused because they contained a supposition contrary to fact. There was no evidence that the plaintiffs "borrowed" the automobile.

The sixth request was properly refused because it was too restricted, contemplating as it did the status of Eleanor Max, the mother of the infants, and failing to comprehend the rights of her two infant children.

The court's refusal to charge the eighth request was not error and as a matter of fact was negligible. It merely stated what purports to be a legal principle which we think was adequately impressed upon the minds of the jury in the charge delivered by the court.

The ninth and tenth requests were properly refused. The former contained an inaccurate statement of the law of the State of New York, as set forth in the case of *Cohen* v. *Neustadter,* 247 *N. Y.* 207; 160 *N. E. Rep.* 12, and *Amann* v. *Thurston,* 133 *Misc.* 293; *affirmed,* 224 *App. Div.* 874; and the latter for the reason that there was no proof that the plaintiffs were bailees of the car in question.

The judgments under review should be affirmed, with costs.