GEORGE R. PSOTA, an Infant, by JOSEPH PSOTA, His Guardian ad Litem, et al., Respondents, *v.* LONG ISLAND RAILROAD COMPANY, Respondent, and ANTOINETTE D. ANDREWS, Appellant.

Negligence — master and servant — motor vehicles — Highway Law — evidence — erroneous exclusion of testimony tending to show that chauffeur was not using car with consent or in employment of owner at time of accident — erroneous exclusion of testimony of owner as to instructions to chauffeur — rule that master is liable for acts of servant only when acting within scope of employment not changed by section 282-e of Highway Law — father's action for loss of services within meaning of words " injuries to person or property " contained in that statute.

1. Questions asked of a defendant by her counsel, in an action to recover for personal injuries alleged to have been sustained through the negligence of her chauffeur, as to whether he was on duty on that day; whether he was performing any duty for her on that day, and whether he was in fact working for some one else on that day, though vague and calling for conclusions, should have been allowed. They were directed toward the defense defendant attempted to make — that the chauffeur was not using her car with her consent or in her employment at the time of the accident.

2. It was also error to sustain objections to questions asked defendant by her counsel as to her instructions to the chauffeur and whether she had ever told him not to take anybody in the car with him, on the ground that the answers called for hearsay and would not be binding on the plaintiffs.

3. Nor may such ruling be justified on the theory that section 282-e of the Highway Law (Cons. Laws, ch. 25), making the owner liable for injuries resulting from negligence in the operation of a motor vehicle by any person with the permission of such owner, is broad enough to include invited passengers. Section 282-e has not changed the rule that a master is not liable for the acts of his servant unless acting within the scope of his employment. The defendant, therefore, should have been permitted to prove that the chauffeur, in inviting the plaintiffs to ride with him, was acting contrary to her instructions. (*Grant* v. *Knepper*, 245 N. Y. 158, distinguished.)

4. A contention that a father's action for loss of services does not come within the meaning of the words " injuries to person or property,"

contained in section 282-e of the Highway Law, and that liability under this section applies only to the person who receives the injury, cannot be sustained.

*Psota* v. *Long Island R. R. Co.*, 219 App. Div. 836, reversed.

(Argued October 24, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 9, 1927, unanimously affirming judgments in favor of plaintiffs and defendant, respondent, entered upon a verdict.

*Charles D. Miller* and *Ernest P. Hoes* for appellant. The trial court erred in refusing to permit the defendant Mrs. Andrews to testify as to her instructions to Nash, and whether he was on duty or performing any duty that Sunday, and as to whether he was working for someone else. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Rose* v. *Balfe*, 223 N. Y. 481; *Obrien* v. *Stern Bros.*, 223 N. Y. 280; *Fluegel* v. *Coudert*, 244 N. Y. 393; *Baker* v. *Allen & Arnink Auto Renting Co.*, 231 N. Y. 8; *Rolfe* v. *Hewitt*, 227 N. Y. 486; *Cohen* v. *Neustadter*, 221 App. Div. 102.) Section 282-e of the Highway Law was not intended to apply to invitees of the agent of an owner. (Endlich on Interp. Stat. §§ 113–127; *Davis* v. *Davis*, 75 N. Y. 221; *Dean* v. *M. E. R. Co.*, 119 N. Y. 540; *Henavie* v. *N. Y. Co.*, 154 N. Y. 278; *White* v. *Wager*, 32 Barb. 250; *Kennedy* v. *Travelers Ins. Co.*, 127 Misc. Rep. 665; *People* v. *Steuben County*, 146 N. Y. 107; *People ex rel. Collins* v. *Spicer*, 99 N. Y. 225; *People ex rel. Earl* v. *England*, 16 App. Div. 97; *Drake* v. *State*, 144 N. Y. 414; *Spencer* v. *Myers*, 73 Hun, 274; *Ayers* v. *Lawrence*, 59 N. Y. 192.) Section 282-e of the Highway Law does not authorize the recovery by a parent against the owner of an automobile for loss of services and medical expenses of infant children. So much of the judgment appealed from as affirms the judgment in favor of Joseph Psota

for loss of services, etc., of his children, should be reversed. (*Goodier* v. *National Surety Co.*, 125 Misc. Rep. 65; *Price* v. *National Surety Co.*, 221 App. Div. 56.)

*Harold R. Medina* and *John R. Vunk* for plaintiffs, respondents. Every consideration of statutory interpretation and public policy sustains the construction of section 282-e of the Highway Law adopted by the Appellate Division herein as this tends to make the highways safe by affording the same protection to those invited to ride upon an automobile as is afforded to pedestrians or others injured through the negligence of a person to whom the owner of an automobile has intrusted its operation. (*Cohen* v. *Neustadter*, 221 App. Div. 102; *Grant* v. *Knepper*, 245 N. Y. 158.) The provision of section 282-e of the Highway Law making the owner of a motor vehicle liable " for death or injuries to person or property " was intended to include liability to a parent for medical expenses and loss of services. (*Price* v. *Nat. Surety Co.*, 221 App. Div. 56.)

*Rowland Miles* and *Joseph F. Keany* for defendant, respondent.

CRANE, J. On Sunday, September 20, 1925, one Nash was driving a Ford station wagon belonging to the defendant Antoinette D. Andrews, along one of the roads of St. James, Long Island. He overtook two children, Rosalie Psota and George Psota, who were walking along the road, and asked them if they wanted a ride. They got into the car, which a few minutes later was struck by a train of the Long Island Railroad Company, coming into the station at St. James. Nash was killed and the two children suffered injuries, for which they and their father have brought suit against the railroad and the defendant Andrews. The jury exonerated the railroad company and found three verdicts in varying amounts against Mrs. Andrews.

Although the Appellate Division unanimously affirmed the judgments, nevertheless it allowed an appeal to this court believing that there were questions involved which should be further reviewed.

Nash had been employed by Mr. Andrews in his lifetime, and had continued in the general employ of the widow, Mrs. Andrews. On the trial she attempted to show that at the time of the accident Nash was not using the car with her consent, express or implied, was not engaged in operating it in the course of his employment, and further, that his inviting the Psota children to ride with him was in violation of and contrary to her express instructions to him. Both of these defenses were good if established, and she should have been permitted a full opportunity to offer this testimony if it were available. As to the first defense, the Appellate Division was of the opinion that the questions asked by counsel were not proper in form, and the answers, therefore, properly excluded. We must admit that the questions are not to the point and are very vague. They are the following: " Q. Was Mr. Nash on duty on that day, on this Sunday? Did he or was he performing any duty for you on that day? Was he in fact on that day working for somebody else? " Objections to these questions were sustained. We think these questions could very well have been allowed. Mrs. Andrews should have been permitted to testify that on that day Nash was not on duty or at work for her. No doubt the answers would have led to other and better directed questions. At least, these were introductory matters bearing upon Nash's employment at the time of the accident. It was not a subject to be dealt with strictly. A certain latitude must be allowed in the examination of witnesses, and a certain indulgence to the characteristics of counsel. There is no set or artificial method for asking questions. While the questions no doubt called for conclusions, yet further examination or cross-examination would have brought out

the exact facts and the actual employment of Nash at the time. At least, the questions were directed toward the defense which Mrs. Andrews attempted to make — the defense that Nash was not using her car with her consent, or in her employment at the time, and they should have been allowed. However, we might not consider the exclusion of the answers to these questions as sufficient to require reversal if it were not that along with them were other rulings compelling reversal.

Mrs. Andrews attempted to show through her counsel that she had given instructions to Nash not to invite strangers to ride in her car. Numerous questions were asked of Mrs. Andrews as to her instructions to Nash, and whether she had ever told him not to take anybody in the car with him. "Q. Had you ever told Mr. Nash not to take anybody in the car with him," may do as an example of the questions asked, to all of which objections were made and sustained and the answers excluded. The grounds of the exclusion were stated to be that the answers called for hearsay and would not be binding on the plaintiffs. Of course no such ground is urged to sustain the rulings on this appeal. Here it is pleaded that the exclusion of this evidence can be justified by reason of section 282-e of the Highway Law (Cons. Laws, ch. 25), which it is said is broad enough in its terms to include invited passengers, if the car was being operated with the consent of the owner. Section 282-e reads as follows:

"Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

These words are broad enough to cover this case,

provided the chauffeur was operating the car with the permission of Mrs. Andrews. When, however, we read this section in the light of our previous decisions and of the evil which the statute sought to remedy, we will readily see that it does not apply. Prior to the enactment of this section, the law was that an owner was not liable for the negligence of a person to whom he had loaned his car, whether that person were a member of his family, a servant on a personal errand or a stranger. (*Potts* v. *Pardee*, 220 N. Y. 431; *Van Blaricom* v. *Dodgson*, 220 N. Y. 111.) The Legislature determined to change this law and did change it by this section of the Highway Law so as to make the owner liable for the negligence of a person to whom he loaned the car in connection with its operation upon the highway. Such person was no longer a stranger to the owner, but became to this extent the owner's agent. The owner assumed this liability under the law and took this risk in loaning his car. (*Fluegel* v. *Coudert*, 244 N. Y. 393.) But the Legislature went no further; it did not otherwise change any of the rules of liability; that is, it did not extend the liability of the master for the acts of his servant. It placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent, but it did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment. The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. (*Dean* v. *Metropolitan Elevated Railway Co.,* 119 N. Y. 540, p. 547.)

The law has always been that a master is not liable for the acts of his servant or agent unless acting within the scope of his employment. In applying this rule it has been frequently held that an owner of an automobile is not liable to strangers invited by the chauffeur to ride, especially if contrary to orders and instructions. (*Rolfe* v.

*Hewitt,* 227 N. Y. 486, p. 491; *Goldberg* v. *Borden's Condensed Milk Co.,* 227 N. Y. 465.)

Section 282-e of the Highway Law, therefore, has not changed this rule of law. Even though Nash was driving the Ford car with the permission, express or implied, of Mrs. Andrews, he was not acting within the scope of his employment if he invited these children to ride contrary to her instructions. Mrs. Andrews should have been permitted to prove these facts. A chauffeur of an automobile is employed to drive it according to his employment and his instructions, express or implied.

While, therefore, the Psota children were hurt through the negligence of Nash, yet Mrs. Andrews is not liable if he were acting without the scope of his employment or contrary to her instructions.

Stress has been laid upon our decision in *Grant* v. *Knepper* (245 N. Y. 158). In that case the driver was using the car with the permission of the owner and in the owner's business. He negligently permitted a stranger to drive it, resulting in injury to another on the highway. We said that the owner was liable at common law and also under the statute as the negligence was that of the driver using the car with the express authority of the owner. The driver could not shift his duty to the public. A different question would have arisen had the invited guest been hurt, and had sought redress of the owner.

The argument has been made that section 282-e of the Highway Law was intended to protect only travelers on the highway, and did not apply to persons riding in a car. The previous law has been modified, it is said, only in favor of persons injured on a highway, and that as to occupants of a car the law remains the same as it always has been. This would mean that even if the Psota children were riding with the consent, express or implied, of Mrs. Andrews she would not be liable for Nash's negligence. The same would apply to Nash's family, if the car had been loaned to him to take his

family out for a ride. In other words, as to these people
riding in the car, they would still be in the position of
one to whom the car had been loaned, under the law
previously existing. The owner would not be liable to
such persons for the negligence of the driver. This of
course assumes that the persons were riding on their own
pleasure or business and not for the business or purpose
of the owner. (See *Cohen* v. *Neustadter*, 221 App. Div.
102.)

We do not think these questions are presented by this
appeal, and we will not decide them until they arise.
The reversal of this case is placed upon the ground that
Mrs. Andrews was prevented from proving that Nash
in taking in the children acted contrary to her instructions
and without the scope of his employment.

As a new trial must be had, another question has
arisen which we must decide for the guidance of the
trial court. It is said that as section 282-e of the High-
way Law makes the owner liable and responsible for
death or injuries to person or property resulting from
negligence in the operation of a motor vehicle, the father's
action for loss of services does not come within the
meaning of the words " injuries to person or property."
The liability under this section, it is insisted, applies only
to the person who receives the injury. We do not give
this limited meaning to the words. " Injuries to the
person " were no doubt intended to be covered by the
broad definition of " personal injury " as found in section
37-a of the General Construction Law (Cons. Laws, ch. 22),
" other actionable injury to the person either of the plain-
tiff, or of another." Actions by a father for the loss of the
services of his child, or a husband for the loss of the services
of his wife have in legal parlance been classed with personal
injury cases. We see no reason for drawing a distinction
between such actions when section 282-e of the Highway
Law is applicable. The father's action is based upon
and arises out of the negligence which causes the injury

to the child. The injury to the child results in a two-fold action, one for the father and one for the child. The liability referred to is, therefore, a full, not an incomplete one. We are holding herewith that such words used in section 282-b of the Highway Law relating to undertakings include an action by the father. (See *Price* v. *National Surety Co.*, 221 App. Div. 56; 246 N. Y. 586.)

For the reasons here stated, the judgments below should be reversed as to the defendant Antoinette D. Andrews, and a new trial granted, with costs to abide the event.

POUND, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; CARDOZO, Ch. J., concurs in result; KELLOGG, J., not sitting.

Judgment accordingly.