R. E. DUDLEY COMPANY, INCORPORATED, A CORPORA-TION OF NEW JERSEY, APPELLANT, v. SAUL ARON AND JACOB WIEDERHORN, INDIVIDUALLY, JOINTLY OR IN THE ALTERNATIVE, RESPONDENTS.

Submitted June 1, 1929—Decided October 14, 1929.

For the appellant, *William N. Becker*.

For the respondents, *Abraham M. Herman.*

The opinion of the court was delivered by

TRENCHARD, J. This is a suit by a real estate broker to recover a commission from defendants below pursuant to a writing signed by defendants authorizing the plaintiff corporation to negotiate the sale of certain real estate to the defendants.

The defendants answered that the plaintiff failed to negotiate a purchase of the property in accordance with the terms of the authorization, and also counter-claimed for certain damages.

The case was tried before the judge without a jury, by consent of both of the parties, upon an agreed state of facts submitted to the court, and upon the pleadings filed in the case.

The stipulated facts were:

"First. It is agreed and stipulated that the counter-claim filed in this matter by the defendants against the plaintiff, be dismissed without costs to either party. Second.

That the defendants engaged the plaintiff as agent to nego-tiate for the purchase, in their behalf, of premises at 22-24 Rowe street, East Orange, New Jersey, for the sum of $16,500, free and clear of all encumbrances except a build-ing and loan mortgage of $12,000; and agreed to pay to the said agent five per. cent. of the purchase price, as and for its commission at the time of passing title. Third. The contract was made and executed on the same date, between the defendants herein and the Rialto Realty Company, the owners of the said premises. Fourth. At the time set for the closing of title, it is admitted that there were restrictions of record constituting an encumbrance [other than that men-tioned in the contract of employment] upon the premises in question. Thereupon defendants refused to accept title to the property because of the said encumbrance."

Upon a consideration of the pleadings and stipulated facts, and after hearing counsel, the trial judge found that the plaintiff did not perform its contract and produce an able, ready and willing vendor, in accordance with' the terms of its contract with the defendants.

Whereupon the trial court adjudged that the counter-claim be dismissed without costs to either party; and that judgment be rendered in favor of the defendants, with costs to be taxed against the plaintiff. From the judgment entered accordingly the plaintiff appeals.

The plaintiff-appellant contends that the judge erred in entering judgment for the defendants instead of for the plaintiff.

We think that contention is without merit.

From an examination of the pleadings and stipulation it appears that the plaintiff and the defendants entered into an agreement by which the defendants authorized the plain-tiff to negotiate the purchase for the defendants of the property in question at a price of $16,500, free and clear of all encumbrances except a building and loan mortgage of $12,000 then on the property; that defendants agreed to pay plaintiff five per cent. of the purchase price for a com-mission at the time of passing title; that the contract

which the plaintiff procured the owner of the property to make with the defendants, contained exactly the same terms as the contract of employment.

It is seen therefore, in view of the pleadings and stipulated facts, that a performance by the broker of its commission contract required that it should produce a seller able, ready and willing to convey the property to the purchasers, free and clear of all encumbrances excepting the building and loan mortgage of $12,000; and that the broker did not do, since, at the time fixed for passing title, there were restrictions of record other than the $12,000 mortgage constituting an encumbrance upon the property, and for that reason the intending purchasers refused to accept title to the property.

In that situation the broker did not earn its commission under the contract in question.

The general principle is that a broker, employed to negotiate the purchase of a particular piece of property, is not entitled to his commission unless the seller produced is able, ready and willing to sell the property upon the terms stipulated in the contract of employment. *Steinberg* v. *Mindlin*, 96 *N. J. L.* 206; *Crowley* v. *Myers*, 69 *Id.* 245. In the present case nothing appears to take the case out of that general rule.

We think there is no merit in the argument of the plaintiff-appellant that the trial judge was not justified in giving effect to the stipulated facts. Agreements as to certain facts in a case are evidentiary, concluding the parties so far as they go, and the trial judge is justified in giving such facts legal effect (*Decker* v. *Smith and Co.*, 88 *N. J. L.* 630; *Kaighn* v. *Friday*, 77 *Id.* 709), and is not required to give, and is not justified in giving, consideration to any matters of fact suggested, but not in evidence, and not comprised within the stipulation, and not arising out of the pleadings.

But the plaintiff further argues that the trial judge erroneously excluded from consideration a certain decree of the Court of Chancery which the plaintiff-appellant asserts "was a part of the stipulated facts."

We think that the complete answer to this contention is

that an examination of the record discloses that such decree was not a part of the stipulation, was not offered or received in evidence, and did not arise for consideration from the pleadings. Even if we look at the matter printed by counsel of the plaintiff (which is not returned as a part of the record), we see that his position (whether right or wrong) in his argument before the trial judge was expressed thus: "Even if the Court of Chancery did find a decree in a certain other matter, that would not be binding in another case." And in that printed matter the trial judge is reported as saying "there is not before this court any such stipulation that would justify the court in finding that there was such a decree." We think that statement was quite accurate.

We believe that the foregoing observations in effect dispose of every question properly raised and argued.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.