SARAH QUINN, Plaintiff, *v.* BARNEY ERSHOWSKY and Another, Defendants.

EDWARD QUINN, Plaintiff, *v.* BARNEY ERSHOWSKY and Another, Defendants.

Supreme Court, New York County, September 25, 1930.

*Blau, Perlman & Polakoff* [*Cyrus Levinthal* of counsel], for the defendants.

*Clarence C. Fowler* [*John M. Downes* of counsel], for the Superintendent of Insurance, as liquidator of the Capital City Surety Company.

HAMMER, J. This motion is granted to the extent that this action [first above-entitled action] is discontinued, without costs to either party, and defendants and Capital City Surety Company are released and discharged from any and all liability to the plaintiffs herein on Capital City Surety Company bond No. 18051, dated May 31, 1929, filed in the office of the clerk of the county of New York, and further that the defendants and Lloyds Casualty Company are released and discharged from any and all liability to the plaintiffs herein on the bond of Lloyds Casualty Company filed herein. The State Superintendent of Insurance, as liquidator of the Capital City Surety Company, is not a party to this action, and cannot be brought in by this motion except on his consent. Upon his objection, expressed herein by counsel and filed memorandum, no direction will be made in the order to be entered herein requiring him to deliver the collateral deposited with the Capital City Surety Company when defendants obtained its bond. Request for such collateral upon presentation of certified copy of the order to be made herein should be made to the Superintendent, and no doubt will be honored.

This action [second above-entitled action] having abated, this motion is granted to the extent indicated in accompanying motion in relation to the discharge of the defendants and surety companies. That this action has abated is clearly shown by the provisions of section 120 of the Decedent Estate Law (as added by Laws of 1909, chap. 240), section 37-a of the General Construction Law (as added by Laws of 1920, chap. 917), and the decisions in *Psota* v. *Long Island R. R. Co.* (246 N. Y. 388) and *Gorlitzer* v. *Wolffberg* (208 id. 475), distinguishing *Cregin* v. *Brooklyn Crosstown R. R. Co.* (75 id. 192 and 83 id. 595).