THOMAS A. McALLISTER, Plaintiff, *v.* STEVENS & SANFORD, INC., and Another, Defendants.

Municipal Court, City of Syracuse, April 7, 1933.

*Brown & Groves*, for the plaintiff.

*Oscar J. Brown* [*Edward F. Wilber* of counsel], for the defendants.

RYAN, J. Motion to set aside the verdict of the jury and for a new trial on all grounds specified in the Civil Practice Act and particularly on the ground that the action is for breach of an implied warranty; that the milk in question was fit for human consumption and marketable, and that there was no privity of

contract between plaintiff's wife and defendants, and that, therefore, the plaintiff cannot recover in this action.

There is sufficient evidence that plaintiff ordered a bottle of milk from the defendant Netherland Co., Inc., which contained pieces of broken glass. The bottle of milk was given to his wife who shook it up and then drank some of the milk containing the broken glass and was injured internally. She was made sick and confined to her bed for a week or more and incurred a doctor's bill and nursing bills. The plaintiff has brought this action to recover the damage which he has suffered by reason of the doctor's and nursing bills and loss of services. The jury rendered a verdict for the plaintiff.

I agree with the contention of the defendants that the plaintiff's wife could not maintain an action for her personal damage for breach of warranty, because no privity of contract exists between her and either of the defendants, and because the plaintiff owns the cause of action. It has been held in *Ryan* v. *Progressive Grocery Stores* (255 N. Y. 388) that the husband can recover all his damage, including special damage which he has suffered.

Section 150 of the Personal Property Law, subdivisions 6 and 7, provides that a party suffering damage by reason of breach of implied warranty can recover all the damage which ordinarily flowed from such breach.

The injury to plaintiff's wife, resulting in loss of services and doctor's bill, was equivalent to an injury to himself and is a part of his damage. If he were injured himself he could join such a claim in an action for damages for breach of contract. The Netherland Co., Inc., bottled the milk in question and was the actual seller. Both subdivisions 1 and 2 of section 96 of the Personal Property Law are applicable to this case.

*Rinaldi* v. *Mohican Co.* (225 N. Y. 70) and section 150, subdivisions 6 and 7, of the Personal Property Law furnish the rule of damage.

An injury to plaintiff's wife is sometimes defined as an injury to person. (Gen. Constr. Law, § 37-a; *Psota* v. *Long Island Railroad Company*, 246 N. Y. 388.)

It is not very material whether it was a personal injury or injury to property so long as it was a damage to plaintiff which naturally flowed from a breach of warranty to furnish milk fit for human consumption and marketable.

The jury found that there was a breach of contract and that there was damage.

The case has been dismissed as to Stevens & Sanford, Inc.

Motion for new trial and to set aside the verdict denied.