GEORGE J. MAISWINKLE AND ANNA M. MAISWINKLE, PLAINTIFFS-APPELLEES, v. PENN JERSEY AUTO SUPPLY COMPANY, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 1, 1938.

Before Justice TRENCHARD, PARKER and PERSKIE.

For the defendant-appellant, *William R. Smith*.

For the plaintiffs-appellees, *Benjamin F. Friedman*.

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from a judgment entered by the District Court judge, sitting without a jury, in favor of the plaintiff George J. Maiswinkle. There was judgment of no cause of action against the plaintiff Anna M. Maiswinkle and she did not appeal.

The action was instituted on behalf of the plaintiff George J. Maiswinkle for damage to his automobile, and on behalf of Anna M. Maiswinkle for personal injuries, as a result of a collision between the automobile of George J. Maiswinkle operated by his sister Anna M. Maiswinkle, and an automobile truck of the defendant Penn Jersey Auto Supply Company.

At the trial there was ample evidence justifying the finding that the collision was produced by negligence upon the part of the defendant company, concurring with negligence upon the part of the driver of the plaintiff's automobile.

The defendant-appellant says that "The court erred in the award of judgment to the plaintiff George J. Maiswinkle after finding that Anna M. Maiswinkle was guilty of contributory negligence," and in refusing to nonsuit the plaintiff, and in refusing to direct a verdict for the defendant, *i. e.,* a motion for judgment on the ground that no issue of fact was presented.

Our examination of the record discloses no such error.

The sole argument of the appellant is that such contributory negligence is imputed to the other plaintiff, the owner of the car and appellee here. This contention is based solely upon the ground that the plaintiff George J. Maiswinkle, the owner, lived with his mother and sister, and upon the occasion in question, his sister, Anna, borrowed the car from him for the purpose of going to a nearby place to visit her girl friend, and that therefore her brother, the owner of the car, was liable for the acts of his sister the borrower.

We think not. The general rule is that the liability of one person for the negligence of another depends upon the contractual relation between the two of master and servant; and hence generally, in the absence of such relation, the owner of an automobile who entrusts it to another who is competent

to operate it, is not responsible for the negligence of the borrower in the use thereof solely in his own business and affairs. 5 *Am. Jur.* 697; *Doran* v. *Thomsen,* 74 *N. J. L.* 445.

The relation of master and servant in its full sense invariably and only arises out of a contract between the servant and the master, either express or implied. *Doran* v. *Thomsen,* 76 *N. J. L.* 754. "The real test as to third persons" says Mr. Wood in his work on Master and Servant, page 11, section 7, "is whether the act is done *by one for another,* however trivial, with knowledge of the person sought to be charged as master with his assent, express or implied, even though there was no request on his part to the other to do the act in question."

It will be noticed that the act must be done *by the one for the other.* That was not so in the case at bar. Here the sister was not doing the act for her brother. She alone was temporarily using the machine as a means of recreation and pleasure for herself in going to visit her girl friend. Her brother was not present at the time of the accident and hence it is legally impossible to draw the conclusion that she was the agent or servant of her brother upon that occasion. *Doran* v. *Thomsen,* 76 *N. J. L.* 754. See, also, *Marsh* v. *Sasanoff,* 9 *N. J. Mis. R.* 545.

But the defendant strenuously argues in this connection that the negligence of the owner's sister, the borrower of the automobile, is imputable to her brother, the owner. Not so. In an action by the owner against a third person to recover for damage to the machine caused by the combined negligence of the borrower and such third person, the negligence of the borrower is not imputable to the owner so as to prevent the owner from holding such third person liable for negligently injuring the car, where, as here, the borrower was competent to operate the car and was using it solely about her own affairs without any control upon the part of the owner. 5 *Amer. Jur.* 781.

Since the issues of fact presented at the trial were properly for the trial judge, sitting as a jury, the motions were properly denied, and the judgment was properly entered.

The plaintiff's judgment is affirmed, with costs.