THE MOTORLEASE CORPORATION, A CONNECTICUT COR-
PORATION, PLAINTIFF-APPELLANT, v. ANN B. MUL-
ROONY, DEFENDANT-RESPONDENT.

Argued January 28, 1952—Decided March 3, 1952.

*Mr. Harry Schaffer* argued the cause for the plaintiff-appellant.

*Mr. Walter H. Jones* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

OLIPHANT, J.   This appeal presents to us but a single question, namely whether or not *R. S.* 46:36-1 makes the contributory negligence of a bailee or lessee's agent, servant or employee under the facts of the particular case a bar to plaintiff's recovery.

This cause is before the court as the result of our having granted plaintiff's petition for certification to review a judgment of the Appellate Division of the Superior Court which affirmed a judgment of the Passaic County District Court entered in favor of the defendant.

The plaintiff, a Connecticut corporation, filed a complaint on July 5, 1950, against the defendant for property damages sustained by it as the result of a collision between its automobile and that of the defendant in Upper Montclair, New Jersey.   At the time of the accident plaintiff's car was under lease by written instrument to Veeder-Root, Inc., and was in the possession of William T. Heydt, Sr., an employee of the lessee.

The record shows that the defendant here originally brought suit in the Essex County District Court against Heydt to recover for personal injuries and property damage suffered by her from the accident.   There was a verdict of no cause for action, the court finding negligence on the part of both the defendant here and Heydt.   The instant action was then brought and at the trial defendant moved to dismiss the complaint on the ground that the judgment rendered in the Essex County District Court was *res adjudicata* because Heydt was not the agent of the plaintiff-bailor, and the court having found that both the defendant and Heydt were negligent and that the cause arose out of the same accident, plaintiff's suit against her was barred, the negligence of Heydt being imputable to the plaintiff as bailor.

This motion to dismiss was denied on the ground that the judgment in the Essex County District Court was not *res adjudicata,* and the court declared the statute *R. S.* 46:36-1, pertaining to the contributory negligence of a bailee, his

agents, servants or employees, which provides that such contributory negligence shall constitute a proper and valid defense to an action for damages to the goods and that it be a complete bar to recovery in the same manner as though the suit was brought by the bailee or his agents, servants or employees, was not applicable. Judgment was rendered for the defendant because of plaintiff's failure to establish by a fair preponderance of the evidence that the defendant was guilty of negligence.

On appeal to the Appellate Division of the Superior Court the judgment rendered below was affirmed. That court, however, determined that both the defendant and Heydt were negligent and that the judgment rendered in the Essex County District Court was not *res adjudicata* of the instant action, but *contra* to the declaration of the Passaic County District Court held that *R. S.* 46:36–1 was applicable and that therefore the negligence of Heydt was imputable to the plaintiff.

Plaintiff's attorney, after judgment was entered in the Passaic County District Court, for appeal purposes, served on defendant's attorney a statement of evidence and proceedings in lieu of stenographic transcript, *Rule* 1:2–23, which was approved by defendant's attorney. There appears therein the following:

"Plaintiff then produced William T. Heydt, Sr., who testified that he was at the time of the accident in the employ of Veeder-Root, Inc., which had leased plaintiff's automobile * * *."

A statement such as this is in the nature of a stipulation; it is to be taken most strongly against him who prepares it. An agreement as to certain facts in a case conclude the parties so far as they go and is binding particularly on the party who makes it. *Decker v. Smith & Co.*, 88 *N. J. L.* 630 (*E. & A.* 1915); *R. E. Dudley Co., Inc., v. Aron et al.*, 106 *N. J. L.* 100 (*E. & A.* 1929).

But in the statement of evidence it is further said: "He (Heydt) further testified that he was taking his four children

for haircuts &ast; &ast; &ast;," and in the findings of fact and conclusions of law prepared and filed by the court, *Rule* 7:13-3, appears the following: "The witness, Heydt, testified that at the time of the accident he was using the car on his own business, namely, for the purpose of taking his four children for a haircut."

Were it not for this conflict of fact we could conclude the matter on the ground that Heydt, who was unable to recover because of his negligence, was at the time of the accident the employee of Veeder-Root, Inc., the lessee or bailee, his contributory negligence was imputable to them, and under the plain wording of the statute this contributory negligence of the agent of the bailee or the lessee is a valid defense against an action by the bailor based on the same facts and circumstances.

*R. S.* 46:36-1 provides:

"Whenever a conditional vendor, bailor, or owner of the general property in goods or chattels or the assignee or assignees of said conditional vendor, bailor or owner of the general property in goods or chattels, shall institute suit for damages to said goods or chattels, while the same are in the custody, control or possession of the conditional vendee, bailee, or owner of the special property in said goods or chattels or the agents, servants, or employees of said conditional vendee, bailee, or owner of the special property in said goods and chattels, against a third party or parties, or against the agents, servants, or employees of said third party or parties, or both, based on the negligence of the said third party or parties, or the agents, servants, or employees of said third party or parties, the contributory negligence of the conditional vendee, bailee, or owner of the special property in said goods or chattels, or of the agents, servants, or employees of said conditional vendee, bailee or owner of the said special property in said goods or chattels, shall constitute a proper and valid defense to said action and be a complete bar to recovery in the same manner as though suit were brought by the conditional vendee, bailee, or owner of the special property in said goods or chattels or by the agents, servants or employees of the conditional vendee, bailee, or owner of the special property in said goods and chattels."

Prior to the enactment of this statute in 1939 the negligence of a bailee was not imputable to his bailor unless he was acting as the bailor's agent at the time of the accident,

*Commercial Credit Corp. v. Satterthwaite,* 107 *N. J. L.* 17 (*Sup. Ct.* 1930), affirmed 108 *N. J. L.* 188 (*E. & A.* 1931), and an owner of a motor vehicle was not liable for his employee's negligence, if at the time of the accident he was not engaged on his employer's business, *Doran v. Thomsen,* 76 *N. J. L.* 754 (*E. & A.* 1908). As a result, it frequently happened that one party to an accident was allowed the defense of contributory negligence against the bailee, his agents, servants or employees, but that party was denied that defense against the bailor or lessor in an action arising out of the same accident because his employee was not acting as his agent at the time of the accident. The act was passed to remedy this inequity.

■ The statute being remedial in nature as such should be liberally construed in order to remedy the mischief aimed at. *Board of Conservation & Development v. Veeder,* 89 *N. J. L.* 561 (*E. & A.* 1916). The obvious intention of the Legislature was to bar any recovery when both drivers were negligent by either the drivers themselves or the persons who gave them custody of the vehicles and permission to drive them.

■ The wording of the statute itself does not limit its application to agents, servants or employees who are acting within the scope of their agency or employment. Here the car was admittedly in the custody and control of Heydt because of his status as an employee of Veeder-Root, Inc. The fact that he was taking his children for haircuts did not terminate his employment. If it was the intention of the Legislature to limit the operation of the statute to agents who were acting within the scope of their agency it could easily and would have said so. Since it failed to do this the act should not be construed as correcting only one small part of the injustice at which it was aimed. The wording "agents, servants or employees" should not be given a restricted meaning by the courts when the enacting body did not see fit to so restrict it. In construing statutes the inquiry is to determine the purpose and intent of the Legis-

lature and if the statute under consideration alters or amends the previous law or creates or abolishes types of actions it is important in discovering the intention of the Legislature to ascertain the old law, the mischief and the proposed remedy. *Blackman v. Iles,* 4 *N. J.* 82, 89 (1950).

The statute in terms and intent barring a recovery by the bailor under the facts exhibited, the judgment of the Appellate Division is affirmed.

VANDERBILT, C. J. (dissenting). The case was tried in the Passaic County District Court. There being no stenographer present, counsel for the plaintiff, pursuant to *Rule* 1:2–23, prepared a statement of the evidence in lieu of a stenographic transcript, which counsel for the defendant and the trial judge approved. The trial court also filed as required by *Rule* 7:13–3 findings of fact and conclusions of law.

The pertinent parts of the statement of the evidence are:

"Plaintiff then produced William T. Heydt, Sr., who testified that he was at the time of the accident in the employ of Veeder-Root, Inc. * * * He further testified that he was taking his 4 children for haircuts and that plaintiff's car was damaged on the left and front and was towed to Lindsley-Chevrolet, Inc."

On the same point the trial court in its findings of fact stated:

"The witness, Heydt, testified at the time of the accident he was using the car on his own business, namely, for the purpose of taking his 4 children for haircuts."

The trial court concluded as a matter of law:

"(1) that on the motion for dismissal of the Complaint the present action was not one of *res judicata* that the car was in the possession, custody and control of one, Heydt, who at the time of the accident was not the agent or servant or employee of the plaintiff but was operating the car upon his own business and that the car therefore at the time of the accident was not 'in the custody, control or possession of the conditional vendor, bailee * * * or

the agents, servants or employees of such conditional vendee, bailee or owner of the special property' and that therefore Section 46:36–1 of the Revised Statute does not apply."

The Appellate Division of the Superior Court likewise took the same view of the facts:

"The automobile leased by the plaintiff to Veeder-Root, Inc., the lessee, was in the possession and control of Heydt, an employee of the lessee, but at the time was being used on a personal errand and not in the business of the employer-bailee."

The applicability of *R. S.* 46:36–1 to the facts as stated by both counsel, as found by the trial court and as relied upon by the Appellate Division, was the only question briefed and argued on this appeal. Accordingly, we are obliged to pass on the applicability of the statute to the situation where the employee of the bailee of a rented car is using the car on personal business and not on his employer's business when the accident occurs.

*R. S.* 46:36–1 reads as follows:

"Whenever a conditional vendor, bailor, or owner of the general property in goods or chattels  *  *  *  shall institute suit for damages to said goods or chattels, while the same are in the custody, control or possession of the conditional vendee, bailee, or owner of the special property in said goods or chattels or the agents, servants, or employees of said conditional vendee, bailee, or owner of the special property in said goods and chattels, against a third party or parties,  *  *  *  based on the negligence of the said third party or parties,  *  *  *  the contributory negligence of the conditional vendee, bailee, or owner of the special property in said goods or chattels, or of the agents, servants, or employees of said conditional vendee, bailee or owner of the said special property in said goods or chattels, shall constitute a proper and valid defense to said action and be a complete bar to recovery in the same manner as though suit were brought by the conditional vendee, bailee, or owner of the special property in said goods or chattels or by the agents, servants or employees of the conditional vendee, bailee, or owner of the special property in said goods and chattels.  *  *  *"

Like any statute, *R. S.* 46:36–1 must be construed in accordance with established rules of statutory construction, the aim of which is to ascertain the intent of the Legislature.

In determining the legislative intent it is necessary to view the statute as a whole and to bear in mind the mischief felt and the remedy provided therefor. If the statute is to change the common law, the legislative intent to do so must be clearly and plainly expressed. Moreover, in seeking and giving effect to the legislative intent, that construction of the statute must be adopted which is consistent with its purpose, rather than one leading to an unjust or absurd result. The reason and the spirit of the law should prevail over its letter. *Carlo v. Okonite-Callender Cable Co.,* 3 *N. J.* 253, 265 (1949); *Blackman v. Iles,* 4 *N. J.* 82, 89 (1950); *Grobart v. Grobart,* 5 *N. J.* 161, 166 (1950). In the light of these principles it is apparent that *R. S.* 46:36–1 was not intended to and does not apply in the present case.

Prior to the enactment of this statute in 1939 it was the settled law in this State that a bailee's contributory negligence could not be imputed to his bailor, *Commercial Credit Corp. v. Satterthwaite,* 107 *N. J. L.* 17 *(Sup. Ct.* 1930), affirmed 108 *N. J. L.* 188 (*E. & A.* 1931); that a bailee and a bailor each had a separate and distinct interest in the bailed property and that a bailee could recover for the entire damage to the bailed property, his own interest as well as that of the bailor, *Central Railroad v. Bayway Refining Co.,* 81 *N. J. L.* 456 (*E. & A.* 1911). It was also well settled that the owner of a motor vehicle was not liable for his employee's negligence, if at the time of the accident the employee was engaged on his own and not his employer's business, *Doran v. Thomsen,* 76 *N. J. L.* 754 (*E. & A.* 1908), and that in such a case the owner could recover damages from a negligent third party, *Maiswinkle v. Penn Jersey Auto Supply Co.,* 121 *N. J. L.* 349 (*Sup. Ct.* 1938).

The principles enunciated in these cases produced undesirable results. A bailee could recover for the damages both to his own and his bailor's interest in the bailed property even where the bailee's employee was negligent, provided the employee was using the vehicle on his own rather than his employer's business, for the negligence of the bailee's employee

was not imputed to the bailee. Accordingly in these circumstances both the bailee and the bailor could have recovery for the damage to their respective interests. In a case, however, where the bailee could not recover because his employee was negligent while on the bailee's business, the bailor could nevertheless recover for the full damage to the vehicle, the negligence of the bailee's employee being imputed to the bailee but not to the bailor. This worked an injustice to the negligent third party, for the bailee avoided any liability for damages to the bailor and the entire burden of damages, both to the bailee's and the bailor's interest in the bailed property, was thrust upon the negligent third party.

To remedy this obviously unjust situation *R. S.* 46 :36–1 was enacted. It shows a clear intent to treat the bailee and the bailor alike. It creates a defense against the bailor where the third party has a valid defense against the bailee. It quite apparently was not intended to go further and to permit the bailee to recover in circumstances where the contributory negligence of his employee could not be imputed to him and yet in the same circumstances to deny recovery in an action by the bailor who had no choice in the selection of or control over the bailee's employee. The legislative intent was clearly to place the bailee and the bailor in the same position and not to impose a greater restriction on the bailor's right to recover than on that of the bailee. It is evident from the statute that the Legislature, by the use of the words "agents, servants or employees" of the bailee, intended that their contributory negligence should be imputed to the bailor only when such relationship existed and they were operating within the scope thereof at the time of the accident, and not otherwise.

This construction of the statute renders it consonant with the ordinary concepts of the doctrine of *respondeat superior* applicable to the relation of principal and agent and of master and servant. That doctrine is uniformly held to apply only when the agent, servant or employee is acting for his principal, master or employer within the scope of

his agency or employment, for "beyond the scope of his employment the servant is as much a stranger to his master as any third person, and his act in that case cannot be regarded as the act of the master." *Holler v. Ross,* 68 *N. J. L.* 324, 330 (*E. & A.* 1904); *Evers v. Krouse,* 70 *N. J. L.* 653, 655 (*E. & A.* 1904); *Jennings v. Okin,* 88 *N. J. L.* 659, 661 (*E. & A.* 1916). So in *Psota v. Long Island R. Co.* 246 *N. Y.* 388, 159 *N. E.* 180 (*Ct. of App.* 1927), a statute providing that "every owner of a motor vehicle * * * shall be liable * * * for death or injuries to person[s] * * * resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using * * * the same with the permission, express or implied, of such owner," was held not to apply in a situation where the injuries occurred during a joy ride by a chauffeur, the court holding:

> "It did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment. The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. The law has always been that a master is not liable for the acts of his servant or agent unless acting within the scope of his employment."

In the instant case the driver of the vehicle, although an employee of the bailee, was on a personal errand of his own—taking his four children for haircuts—and not on the business of his employer at the time of the accident. *R. S.* 46 :36–1 is therefore not applicable. He was not operating the vehicle as an employee at the time and his negligence is not imputed to the bailor-owner.

I would reverse the judgment below. Mr. Justice HEHER has authorized me to state that he concurs in this opinion.

*For affirmance*—Justices OLIPHANT, WACHENFELD and BURLING—3.

*For reversal*—Chief Justice VANDERBILT and Justice HEHER—2.