KENNETH RAUCH, Appellant, *v.* RONALD G. JONES, Defendant, and ALEXANDER J. SMITH, Respondent.

Third Department, November 20, 1957.

*John Lo Pinto* for appellant.

*Charles B. Swartwood* for respondent.

GIBSON, J. Plaintiff sues in negligence to recover for injuries sustained as the result of an accident which occurred when the automobile of defendant Jones collided with a tractor-trailer. Plaintiff was a passenger in the tractor, which was operated by one James Smith. It has been stipulated that plaintiff and this operator were both in the employment of a certain corporation at the time of the accident. The tractor involved was owned by the operator, James Smith, and the defendant Alexander J. Smith while the trailer was owned by that defendant alone.

Plaintiff's motion to strike out as insufficient the defenses set forth in defendant Smith's answer was denied. From the order of denial plaintiff appeals.

The first defense challenged is that the action as against defendant Alexander J. Smith is barred by subdivision 6 of section 29 of the Workmen's Compensation Law providing as follows: " The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.'' The only negligence charged by the amended complaint herein as against defendant Alexander J. Smith consists of alleged negligent acts and omissions by the operator James Smith. It is thus clear beyond dispute that plaintiff seeks to recover for injury caused " by the negligence or wrong of another in the same employ ''. For such negligence and wrong he is excluded from any remedy save that afforded him by the Workmen's Compensation Law. We so held in *Roberts* v.

*Gagnon* (1 A D 2d 297) and that determination is decisive of the question here presented.

Appellant would distinguish the *Roberts* case on the ground that the accident in that case did not occur upon a public highway, so that section 59 of the Vehicle and Traffic Law was inapplicable and the plaintiff was obliged to proceed against the owner of the automobile operated by plaintiff's coemployee under the doctrine of *respondeat superior*. The rule of the *Roberts* case does not apply here, appellant contends, because section 59, and in this case section 59-a as well, are applicable. Both sections were enacted subsequent to the adoption of section 29 of the Workmen's Compensation Law. Section 59 provides that the owner of a motor vehicle shall be liable for the negligence of any person operating the vehicle upon a public highway with the express or implied permission of the owner and section 59-a provides a similar liability (not, however, restricted to operation upon a public highway) imposed jointly upon separate owners of an auto truck or auto trailer and of an attached trailer or semi-trailer. Basically, however, neither section 59, nor section 59-a which supplements it, did more than to broaden the base of the owner's liability. Thereafter, as before, the action was derivative merely, arising only by reason of the operator's negligence (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 17). By the enactment of section 59, the Legislature '' did not extend the liability of the master for the acts of his servant. It placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent, but it did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment.'' (*Psota* v. *Long Is. R. R. Co.*, 246 N. Y. 388, 393.) Obviously, the enactment was in large part dictated by public policy, the compulsion of which would not, for any reason which appears, extend to the existing status of rights limited by an employment relationship. Further, and perhaps more important, since action against an owner remained dependent upon a claim of negligent conduct by the operator, there seems no reasonable basis for argument that the statute, while granting or reviving no substantive right in favor of an individual as against a negligent coemployee, nevertheless gave rise to a new liability as against an owner whose liability would have to be predicated on such a right.

Appellant argues, also, that the personal immunity of an agent may not be transferred to his principal. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253.) The Workmen's Com-

pensation Law provision, however, does not, in terms, create an immunity for the negligent employee but a bar against the injured employee, providing as it does that the latter's exclusive remedy is under that act. As between the employees, the effect is the same and while the semantic difference is to that extent of no moment, it is important for purposes of construction, and significant in the consideration of its impact upon other relationships. The provision "makes one and only one remedy available to an employee injured in the course of his employment by a fellow worker — namely, workmen's compensation." (*Roberts* v. *Gagnon,* 1 A D 2d 297, 301, *supra.*) As pointed out by Justice ZELLER in that case (p. 301), the statute affects not only employee against employee, and employee against employer relationships but that of employer against employee (as respects recovery over) as well. In depriving an employee of other recourse, the Legislature could scarcely have used stronger language than " exclusive remedy " (Workmen's Compensation Law, § 29, subd. 6) and we cannot agree that the clear language of this special and express provision, enacted for reasons peculiar to the problems of industrial employment, was intended to be vitiated, in part, by the general provisions of section 59 of the Vehicle and Traffic Law.

As has been noted, the parties concerned have stipulated that plaintiff and the operator James Smith were coemployees, and we take it that at the time of the accident they were in the course of their employment. The truth of the pertinent allegations of respondent's first defense being established, our conclusion that the defense is sufficient renders academic the question presented as to the additional defense interposed.

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order affirmed, with $10 costs.